FILED - USDC -NH
2024 MAR 18 AM 10:15

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.   Civil No. **1:24-cv-00055**
   Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan
Eric Stephaine

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR MENTAL HEALTH EVALUATION ON MINOR CHILD

### INTRODUCTION

We do know children suffer from mental and emotional problems due to the fact they are alienated from the other parent, to what extent that's for a professional to determine. Most experts believe it causes trust issues, irrational views of people, increased problems with mental health disorders,

1

substance abuse issues, and problems keeping a marriage together or job intact. Even though the Courts have been dealing with this for years, the only papers on this subject are written by professionals (see Exhibit 2)

## FACTS

We do know it causes mental and emotional problems to the children Courts recognizes this " Across the country the great weight of authority holds that conduct by one parent that tends to alienate the child's affection from the other is so inimical to the child's welfare as to be grounds for a denial of custody to, the parent guilty of such conduct." Renaud v. Renaud, 721 A.2d 463,465-66 (Vt.1998).

"[A] child's best interest are plainly furthered by nurturing the child's relationship with both parents, and a sustained course of conduct by one parent designed to interfere in the child's relationship with the other cast serious doubt upon the fitness of the offending party to be custodial parent" id at 466

" The obstruction by a custodial parent of visitation between a child and the noncustodial parent may, if continuous, constitute behavior so inconsistent with the best interest of the child as to raise a strong possibility that the child will be harmed" Webb v. Knudson, 133 N.H. 665,673 (1990)

see also in the matter of Kosek & Kosek, 151 N.H. 722,728 (2005)

## CONCLUSION

Even though the case law does not specifically state what harm is done to the child, it acknowledges that the custodial parents action due in fact affects the child's well being , and **a strong possibility the child will be harmed.**

**Furthermore on March 14, 2024, in Middlesex Probate Court in Woburn, Ma in front of Honorable Judge William F. McSweeny,III , Amanda Kaelblein made her intentions clear and admitted GUILTY in this civil case by stating to McSweeny " I never want him to see his child again" McSweeny "ever" Defendant "ever".**

With no basis for her request.

This is not in the best interest for the child, and it is considered child abuse under federal law **42 U.S.C.A. 5106g "emotional harm" The plaintiff will be moving for summary judgment against the three family defendants once he receives the transcripts.**

3

**The plaintiff attends therapy for this , the child should also for the best interest of the child and that's why this motion should be granted.**

Date 3/18/24

Respectfully Submitted,

Michael Sean Speight
100 Main St. #106
Pembroke, NH 03275

4