FILED - USDC -NH
2024 JUN 3 AM 10:40

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.                                    Civil No. **1:24-cv-00055**
                                      Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

### MOTION OF OBJECTION  TO MOTION TO DISMISS

### COMPLAINT  AGAINST GEORGE PHELAN AND ERIC STEPHAN

The plaintiff states that the AG wants this Court to believe that the

Rooker-Feldman  applies to this case and is cited in their memorandum of

law as the main reason this complaint should be dismissed.

The plaintiff is not requesting this Court overturn the child support order , or

modify the order in any way . The plaintiff is asserting the way the order

was acquired violated the plaintiffs constitutional rights, by two state actors

1

under the color of the law, further making it a civil rights complaint because this plaintiff was treated differently.

All immunity is lost for state officials acting under the color of the law.

The plaintiff placed the evidence in his memorandum of law and this complaint should not be dismissed against these two defendants.

WHEREFORE, the plaintiff requests that this Court:

A. Allow the plaintiff Objection  motion, and not dismiss the complaint against these two defendants.

B. Or see fit to which defendant will be held responsible.

C. Allow the plaintiff to Amend the complaint to a suitable monetary damages, and the proper injunctive relief in the interest of justice.

Date 5/30/24

Michael Speight
100 Main St. #106
Pembroke, NH 03275

FILED - USDC -NH
2024 JUN 3 AM10:40

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.                                    Civil No. **1:24-cv-00055**
                                      Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

## MEMORANDUM OF LAW FOR OBJECTION TO MOTION TO DISMISS

## COMPLAINT AGAINST  GEORGE PHELAN AND ERIC STEPHAN

The plaintiff objects to the defendant's argument in their Motion to Dismiss

making the argument That Rooker-Feldman applies here, and that the

plaintiff is seeking for this court to overturn a MASSACHUSETTS CHILD

SUPPORT ORDER, as the Attorney General in his motion to dismiss

claims.

The plaintiff is not trying to overturn the Massachusetts child support order ,

1

He's fine with it being in Massachusetts, so Rooker-Feldman is moot.
The plaintiff objects and argues that the case should not be dismissed
because the plaintiff is asserting that the procedures used by State officials,
improperly asserted jurisdiction in Massachusetts while the State of New
Hampshire was active in the matter and that the improper procedure
violated the plaintiff's constitutional rights under the color of the law. TITLE
18, U.S.C., SECTION 242   *42 U.S. Code § 1983 - Civil action for
deprivation of rights*

  Furthermore in U. S. Const. Amend XI  sovereign immunity is lost when a
state official is enforcing an illegal act , using the name of the state. EX
Parte Young,209 U.S.,at 159-160.

  As far as judicial immunity George Phelan lost that by knowing he lacked
all jurisdiction , the plaintiff even read the New Hampshire parenting petition
to George Phelan on November 3, 2022 (later quoted). Then Knowingly
and willingly covered up Eric Stephans actions. When he told Eric Stephan
not to place a full child support order in, and he did, George Phelan
vacated it making him a co-conspirator under federal law Pinkerton v.
United States, 328 U.S. 640 (1946)), the US Supreme Court ruled that all

2

Members of a conspiracy can be charged for crimes committed by their co-conspirators that are within the scope of the conspiracy and are reasonably foreseeable consequences of the conspiracy, which was under the color of the law,violating the plaintiffs Constitutional Rights.

This matter is a Diversity Claim28 U.S. Code § 1332 - Diversity of citizenship and both George Phelan and Eric Stephan reside in Massachusetts in their individual capacity while the Plaintiff resides in the State of New Hampshire The plaintiff, Amanda Kaelblein, and V.S. resided at 153 North Shore Rd, Derry, NH from June 11,2021, till the day she fled to Massachusetts with V.S. May 28,2022, making New Hampshire the home state.

## INTRODUCTION

The plaintiff objects to the Motion to Dismiss because previous pleadings and again in this Objection to Dismiss, George Phelan (acting as a Judge) had no jurisdiction over the minor child. The transcript shows that the plaintiff objected to jurisdiction before Phelan numerous times during the hearing, (further in this memorandum )   Phelan was told by defendant Amanda Kaelblein that another state was continuously exercising

3

jurisdiction for both custody and child support. The transcripts show ( by Amanda Kaelblein " I've been back since May") that the minor child was only in Massachusetts for 5 months. Phelan's action violates **M.G.L. Part II Title III Chapter 209B Section 2 (1), (4)(d), PKPA, and UCCJEA.** George Phelan exceeded judicial discretion to intervene in Yick Wo V. Hopkins,118 U.S. 356,(1886) . The Plaintiff made it clear to the Court when he stated he Amanda Kaelblein (mother of a minor child) was already receiving $200 per week from the plaintiff since she left the residence in Derry, New Hampshire on May 28, 2022 voluntarily. Phelan instructed Eric Stephan (MA Department of Revenue referred to as D.O.R.) to put in a 4D. He also stated in Exhibit 3 page 23 lines 15-25 of the November 3, 2022 hearing, "if the child support box is checked. It belongs to New Hampshire.." When Phelan places a temporary order in on November 3, 2022, by signing this order Phelan opened the door for Eric Stephan to break the law thus violating plaintiff's rights to due process of law The plaintiff asserts this was an action in his individual capacity, and then that when Stephen placed a full child support order despite Phelan stating on the record not to do so. Stephan then stepped out of his professional capacity, when he acted individually outside of Phelan's specifically stated

4

direction.

Stephan then expanded the scope of harm causing tortious interference when he misled The New Hampshire Family Court and caused The New Hampshire Family Court to dismiss the case it was consistently acting on in both child support and custody.

Stephan's letter is included as Exhibit 5,6,7. Stephan was acting outside the direction given to him by Phelan and his letter usurped proper jurisdiction and caused the plaintiff's parenting petition in New Hampshire to be dismissed . The Plaintiff argues against the Motion to Dismiss because the defendant acted beyond his professional capacity and under color of the law exceeded Phelan's permission and direction; in doing so he acted in his personal capacity and violated the plaintiff's **Due Process of 5th and 14th Amendment, Equal protection 14th Amendment, Full Faith and Credit Clause (Article IV, Section I, Right to Legal Counsel 6th Amendment, Right to a Fair Trial 6th Amendment, State Sovereignty and  Jurisdiction 10th Amendment, 18 U.S. Code 242 Deprivation of rights under the color of law.**

The record shows  that the plaintiff informed the court that New Hampshire Family Court had already noticed a hearing for temporary orders on the

5

previously filed parenting petition. The plaintiff was about to see his child; This process was  interfered with because the two defendants exceeded lawful and procedural due process and in doing so they also violated the plaintiff's **1st,5th, 9th and 14th Amendment** under rights which protect the rights of a parent. Phelan's own words show, on page he said,  "if another state has taken jurisdiction of the issue of child support, I'm not saying New Hampshire has or hasn't , then the child support issue would belong in New Hampshire Court.."

George Phelan left his professional capacity under <u>Scheuer v. Rhodes 416 U.S. 232 (1974)</u>  when in order to cover his actions, his January 17, 2023 order, Phelan stated the plaintiff was misleading the court  about the Supreme Court of New Hampshire, regarding plaintiff's appeal on parenting petition, offering mediation and stating he never stated that,  which means Massachusetts would dismiss the case.Plaintiff was not misleading the court (see exhibit 9)

 George Phelan told Eric Stephan to get a copy of the parenting petition from New Hampshire. The plaintiff provided it to Eric Stephan via email.

6

Stephan then left his professional capacity and undermined the integrity of the legal process when Stephan  withheld the parenting petition provided to him from George Phelan.

EX Parte Young,209 U.S.,at 159-160.

### FACTS/EVIDENCE

1. On November 3, 2022, a hearing was held virtually in Massachusetts for child support only.

2. George Phelan presiding, Eric Stephan from DOR (MA Department of Revenue) Amanda Kaelblein, and the plaintiff Michael Sean Speight.

3. Amanda Kaelblein left the residence at 153 North Shore Road, Derry, NH with the minor child after living there 356 days on May 28, 2022. No charges were filed. The police report dated May 28, 2022 is inserted here as( Exhibit 1).

4. At the time, November 3, 2022, the child was not living in Massachusetts for 6 months as required by law for jurisdiction. The rest of the case is tainted after this action like the fruit of the poisonous tree.

5. In July of 2022. Amanda Kaelblein had a motion to dismiss and moved to Massachusetts **Denied** in Derry Family Court (see Exhibit 2

7

6. case summary 7/21/22) [*Kaelblein then went  court shopping in another State and misled the Massachusetts Court in her statements, as the quoted transcript will show in the next section.]

7. During the hearing on November 3, 2022, the plaintiff told George Phelan he had no jurisdiction over the minor child numerous times.

   a. (Exhibit 3 Massachusetts Transcripts page 16 line 9-11 )

      **MR. SPEIGHT** " Your honor, we can settle on it, but I'm appealing it to Superior Court because the child hasn't lived in Massachusetts for six months."

   b. (Exhibit 3 page 17 lines 3-8) **MR. SPEIGHT** " I didn't say that, your Honor. What I said is, it's a child state law, home state law. The child has to live in the state six months before any— anything can be filed. Also, Derry family District Court already ruled they have jurisdiction over this case. Stephan knows that. My lawyer talked to Stephan."

   c. (Exhibit 3 page 18 3-25) **THE COURT** " Did another State Court, specifically New Hampshire, already issue a child support order involving this child and Michael?"

      **MS. KAELBLEIN** " No, they have not."

8

**THE COURT** "Is that correct Michael ?"

**MR. SPEIGHT** " They are ordering on the 15th, Your Honor. This child has been out of New Hampshire five months now. They are ordering child support and visitation on the 15th. I haven't seen my daughter in five months, your Honor."

**THE COURT** " All right. So – so Michael–Michael– Michael let me ask you this.

So it sounds to me, Michael, that there's a case that was already filed in the state of New Hampshire and you're waiting for a hearing. Is that right, Michael?"

**MR. SPEIGHT** " Yes, June 3rd, the case was filed for custody and child support. And they—they—"

**THE COURT** " All right. So who filed—– Michael— Michael—Michael—Michael, who filed the case? Was it you or Amanda?'

**MR. SPEIGHT** " I—I did."

**THE COURT** " All right, so, Amanda did Michael file a case involving custody and child support regarding this—"

**MS. KAELBLEIN** "He did."

9

d. (Exhibit 3 page 19 lines 1-25) **THE COURT** " In New Hampshire?"

**MS. KAELBLEIN** " He filed the case—case for custody in New Hampshire that we never—"

**MR. SPEIGHT** " And – and child support. And child support."

**THE COURT** " Amanda—Amanda—Amanda, when did he – when did you get served with the paperwork that Michael filed about the custody and possibly child support in New Hampshire? When did you get served?'"

**MR.KAELBLEIN** "Sometime in July."

**THE COURT** " You were served in July? Okay. And is there–"

**MS. KAELBLEIN** " For custody, Your Honor."

**THE COURT** " Amanda–Amanda–Amanda, please listen to my question. My question to Amanda is this, are you aware of a Court date scheduled for a hearing on the case Michael filed?"

**MS. KAELBLEIN** " I am aware of a hearing that involves—involves child custody, not child support."

**THE COURT** " And when is that date of the hearing?"

**Ms. KAELBLEIN** " November 15th"

10

**THE COURT** " All right. And Michael, you say that the case that you filed is not just custody, but it's child support. Is that what you're telling me, Michael?"

**MR. SPEIGHT** " Yes. I checked off all the boxes, your Honor. Child support, custody, I got the paperwork right here—"

e. (Exhibit 3 page 21 lines 18-25) **MR. SPEIGHT** " Yes, I have it. I have it, your Honor, I can read it off to you."

**THE COURT** " All right, read it off to me."

**MR. SPEIGHT** `` It says Temporary petition, request the Court Orders Temporary petition, respectfully request the court to issue temporary orders of the following issue. Finally, the petition respectfully requests the Court to issue final orders approving and establishing the following, check if they apply." (Exhibit 3 page 22 lines 1-8 continue)

**MR. SPEIGHT** "a parenting plan which describes parties' parental rights and responsibilities where related to the minor child; child support obligations for the minor child; and other custody. I acknowledge and have continued my duty to inform the Court, any Court action in this, and any other state could

11

affect the child's case. I swear that the full bearing information is true and correct to the best of my knowledge, New Hampshire, Rockingham County, June 3rd."

f. (Exhibit 3 page 23 lines 15-25 ) **THE COURT** " All right, So what we're going to have to do is this, Michael and Amanda, I'm going to need a copy from the New Hampshire Court of the document that was actually filed by Michael to see whether he actually checked the box that says child support. And the reason is this, we can't have two different child support cases going on at the same time in two different states. If another state has already taken jurisdiction of the issue of child support, I'm not saying New Hampshire has or hasn't, then the child support issue would belong in the New Hampshire Court" (See Exhibit 4 parenting petition filed June 3,2022)

g. (Exhibit 3 page 31 lines 3-4 ) **THE COURT** "So, Attorney Stephan, again, you get me a copy of the New Hampshire filing and schedule this for a review date." [It is worth noting that this hearing was a telephonic hearing, so these requests made over the telephonic link did not have immediate access to the

12

h. documents required that an in-person hearing would have been able to pass directly to the Judge. If the court had waited until an in-person hearing could be scheduled the document's questioned in the telephonic hearing would have been in hand and the plaintiff's would not have infringed as they were.]

i. Eric Stephan received the parenting petition on November 16,2022, and was asked in an email on when he would give it to George Phelan , he said at the next review (See Exhibit 5 emails)

j. Eric Stephan placed a full child support order in Massachusetts without a judge's authority, getting New Hampshire to dismiss the plaintiff's parenting petition  (see Exhibit 4 , Exhibit 6 ,7email admitting full order was in place, Exhibit 7 Ex Parte vacating order) This action violated plaintiff's rights.

k. Then George Phelan knowingly and willfully vacated the full order that Eric Stephan put in place making him a co-conspirator under federal law( See Exhibit 5,6  7 vacated order, With email from Eric Stephan to plaintiff.**Phelan knew Stephan**

**13**

had placed a full order in against his authority, vacated the

l.   order for Stephen to cover it up.Right there Phelan

becomes a co conspirator.

m. Eric Stephan advised Amanda Kaelblein to get a harassment

order, during the hearing to modify it to a restraining order, she

informed the court Eric Stephaine and her lawyer advised her to

get it.

Eric Stephan and Amanda Kaelblein worked together,

misleading George Phelan the whole hearing, Attorney Michael

Ryan is one of the plaintiffs witnesses , per his conversations

with Eric Stephan.

n.   The plaintiff even sent George Phelan the original parenting

petition to his personal email dated January 5, 2023. Here's

where George Phelan found out he never had jurisdiction in the

first place. The plaintiff objects to the Motion to Dismiss

because this is where Phelan acted to cover up for his order.

o. (see Exhibit 8 George Phelan's order January 5,2023) George

Phelan states in a written order dated January 5,2023, the

plaintiff was misleading the court about meditation (see Exhibit

14

p. 9 email to Amanda Kaelblein lawyer) here the plaintiff requested meditation as per New Hampshire court rules. The Plaintiff had appealed the dismissal to the New Hampshire Supreme Court in the State where he resides, and the State where he Petitioned for the matter of child support, and custody in the state where the child had been being raised and cared for in an attempt to exercise all State remedies available to him.

q. Also George Phelan states he never said he would dismiss the Massachusetts case. The transcript shows that he did say exactly that, "if another state has taken jurisdiction of the issue of child support, I'm not saying New Hampshire has or hasn't , then the child support issue would belong in New Hampshire Court.." Then Phelan writes **"recall"** next to his name.

r.     Furthermore, the Attorney General wants this Court to believe AMANDA KAELBLEIN, and co-conspirators Michael Kaelblein, and Nancy Kaelblein (Child's Grandparents) intentions aren't alienating the child from the plaintiff. <u>The plaintiff has all evidence against all defendants</u> (see Exhibit 10

15

s.      Massachusetts Transcripts dated March 14,2024 The most recent hearing and current status of the matter) Page 8 lines 5-12

**The Court:** Let me ask. Dad hasn't seen your daughter for some period of time?.

**Ms. Kaelblein:**Yes

**The Court**: So do you think there should be any parenting order put in place?

**Ms. Kaelblein:** I do not.

**The Court :**" forever and ever?"

**Ms. Kaelblein:** "I don't believe that, no"

Here Amanda Kaelblein states the Plaintiff should never see his child again V.S.,the plaintiff was a great father when they were together( Amanda Kaelblein own words, she wrote the plaintiff has as evidence) . Now that they aren't together and the plaintiff isn't paying grandparents $200. Per week for child care (plaintiffs evidence since V.S. was 2 yrs. Old ), and paying all Amanda Kaelbleins bills, plaintiff cant see his child.Massachusetts Probate Court in Woburn  is consistently

16

assisting the defendant on keeping a child from the plaintiff who never had one allegation of abuse or neglect on V.S. Its not in the best intrest of the child to be subjected to more child abuse from emotional and mental infliction .

### List of Authorities

Massachusetts General Laws Part II, Title III, Chapter 209B Section 2(1) " is the home state of the child on the commencement of the custody proceeding, or (ii) had been the child's home state within six months before the date of the commencement of the proceeding and the child is absent from the commonwealth because of his or her removal or retention by a person claiming his or her custody or for other reasons, and a parent or person acting as parent continues to

reside in the commonwealth ."

   The minor child was only presently living in the state five months at the time of the proceeding, Amanda Kaelblein admitted that in Transcripts (See exhibit 1  Derry police report )  , (4) (d), " A court of the commonwealth shall not exercise jurisdiction in any custody proceeding commenced during the pendency of a proceeding in a court of another state where such court of that state is exercising jurisdiction consistently with the provisions of this

17

section for the purpose of making a custody determination, except in accordance with paragraph"

The **Parental Kidnapping Prevention Act** (Massachusetts is enabling parental kidnapping in this matter because it does constitute PKPA when the mother took minor child from Derry, NH to Massachusetts without plaintiff's permission and Massachusetts continues to assist her in keeping the father from the minor child now far too long.)

**Uniform Child Custody Jurisdiction Enforcement Act** states, "Home state requires a child to live in a state 6 consecutive months immediately before commencement of a child custody proceeding." Furthermore, stating a state shall **REFRAIN** from exercising  jurisdiction while another state is consistently exercising jurisdiction.

The **Uniform Child Custody Jurisdiction Enforcement Act** requires courts to communicate when they are aware of simultaneous proceedings in different jurisdictions. Which neither George Phelan, or Eric Stephain did. New Hampshire was continuously exercising jurisdiction since June 6, 2021, in fact one of the defendants Amanda Kaelblein put in a motion to dismiss and moved to Massachusetts in July 2021 and it was dismissed (see Case Summary

18

A Court can only assume power over a claim which it is authorized to hear under laws of the jurisdiction and it lacks that under Massachusetts General Laws, Parental Kidnapping Prevention Act, and Uniform Child Custody Jurisdiction Act.

One step further after George Phelan and Eric Stephan, Amanda Kaeblein, and Michael Sean Speight's hearing in Massachusetts on November 3, 2021. One week later on November 10, 2021 , Amanda Kaelblein then went back to New Hampshire and submitted a parenting petition in New Hampshire. Her action demonstrates the defendant knew that New Hampshire had jurisdiction in all the areas where the boxes were checked off by the plaintiff. ( See Exhibit 2 case summary 11/14/22)

The Plaintiff sent the Judge George Phelan the parenting petition from New Hampshire requested from Eric Stephan on November 3, 2022 which Stephan withheld from him, on November 18,2022.

George Phelan had many opportunities to correct his era in both his personal and professional capacity, though he continued in his actions, even though he had been informed, and provided with evidence that he did not have any jurisdiction on the matter he acted anyways outside of the numerous rules and laws provided above.

19

When a Judge has no Jurisdiction it opens him up to civil action, (See *Cite Case) George Phelan even said in his order this plaintiff was misleading the court about mediation in New Hampshire Supreme Court (see Exhibit 9)  The plaintiff was not misleading the Court. The Massachusetts Court had exceeded its jurisdiction outside of the laws, and the Plaintiff was exhausting State remedies in the State where the case was originally operating before the plaintiff's rights were violated resulting in the case.

### LEGAL STANDING

The defense argues in their Motion to Dismiss that the Rooker-Feldman doctrine applies. The Plaintiff objects because the plaintiff is not asking this Court to overturn the Massachusetts child support order. The plaintiff is arguing that the methods the state used to make the order contradict their own statements and use of Rooker-Feldman is this matter is not properly cited because this is a diversity matter of parties in two different States requiring Federal Court clarification, and the plaintiff's rights were violated when the defendants interferred with a case in another State where jurisdiction already existed.

George Phelan had already said in his own words by his own admission that he lacked jurisdiction if the child support order was checked off in New

20

Hampshire. In <u>Stump v. Sparkman, 435 U.S. 349, 356-57</u> describes that

this action is so serious that the case law of Stump v. Sparkman states

"judicial immunity does not extend to actions taken by a judge in clear

absence of all jurisdiction." When George Phelan placed a 4D order he

opened the door for Eric Stephan to violate the plaintiff's constitutional

rights under the color of the law. This overreach should have been checked

and signed by Phelan as it exceeded his own directives. Instead Eric

Stephan moved this order forward in his own volition. Stephan is not a

judge and can not place any order in; he lacks judicial power. This is

another example of how jurisdiction was improperly usurped in this matter.

### Due Process (5th and 14th Amendment)

The right to due process requires that individuals are given notice and an

opportunity to be heard before their rights or property interests are affected

by a government.

When Eric Stephan placed a child support order on his own accord and

outside the previously described directives of Phelan in hearings on (**)

Stephan violated the due process rights of the Plaintiff.

### Equal Protection (14th Amendment )

The equal protection clause prohibits the government from treating

21

individuals in similar situations differently without a valid reason.

The plaintiff was treated differently from start to finish. When Stephan had the plaintiff's parenting petition dismissed in New Hampshire it was an act of lawlessness. It was a usurpation and overreach still causing injury to the father seeking remedy to his custody and visitation with his daughter improperly delayed due to the injuries to his parenting rights by the parties named in this matter.

### Full Faith and Credit Clause (Article IV, section 1)

This clause requires States to give other States the full faith and credit to the judicial proceedings of other respective States. Eric Stephan manipulated the legal process by not sharing a copy of the New Hampshire order with Phelan as requested in the hearing, despite Stephan being asked to do so in an email by the plaintiff. By deliberately withholding the document, Stephan furthered his tortious interference to obtain a full order and get a case dismissed from New Hampshire. (see Exhibits 6 email, and 7 Ex-parte motion)

### Right to Legal Counsel, Right to fair trial (6th Amendment)

Eric Stephan  engaged in legal maneuvers that deprived the plaintiff of his rights and made it difficult for the plaintiff to defend himself, with no fair and

22

impartial trial, only a deprivation of rights protected under our Constitution.

### State Sovereignty and Jurisdiction (10th Amendment)

Both George Phelan and Eric Stephan interfered with the Jurisdiction and legal process of New Hampshire. With all the Constitutional violations and Due Process violations this case falls under a Civil Rights violation acting under the color of the law. The Plaintiff objects to the Motion to Dismiss and cites these Federal Laws to be applicable as the case moves forward.

### TITLE 18, U.S.C., SECTION 242

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of  this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both,

23

or may be sentenced to death.

The plaintiff objects to the Motion to Dismiss again asserting that this is a Federal Matter not subject to Rooker-Feldman but a matter in need of the Federal U.S. Court to make a ruling on the diversity legal issue, and the State's improper procedures and tactics usurping jurisdiction to put in orders where no jurisdiction existed. Rooker-Feldman can not be properly applied in this matter and the rights of the Plaintiff under TITLE 18, U.S.C., SECTION 242 still be protected by willful deprivation of his rights under the color of law. {* Use of Rooker-Feldman in this matter would be an action to further violate the rights Title 18 U.S.C. 242 .

## 42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

24

unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Kalina v. Fletcher, 522 U.S. 118 (1997)

This case should not be dismissed because under 1983 there is not a requirement to exhaust state remedies, even though the plaintiff may have committed plain error, and if necessary invokes the plain error rule when he thought he exhausted State remedies by arguing in appeal to the New Hampshire Supreme Court that his case should not have been dismissed based on the misleading asserted  order that Eric Stephan put in place. Imbler v. Pachtman, 424 U.S. 409 (1976)

 "A state official who enforces that law"comes into conflict with the superior authority of the Constitution," and therefore is " stripped of his official or representative character and is subject in his person to the consequences of his individual conduct.

   The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States" Ex Parte Young,209 U.S.,at 159-160.

 Imbler v. Pachtman, 424 U.S. 409 (1976)

BURNS v. REED. No. 89-1715. May 30, 1991

25

The Court adopted the rule of United States v. Lee 455 U.S.252 (1982) " a tort suit against federal officials, to permit a tort action against state officials to recover property held by them and claimed by state and to obtain damages for the period of withholding. The immunity of a state from suit has long been held not to extend to action against state officials for damages arising out of willful and negligent disregard of state laws. "The reach of the rule is evident in Scheuer v. Rhodes  416 U.S. 232 (1974).  , in which the court held that plaintiffs were not barred by the Eleventh Amendment or other immunity doctrines from suing the governor and other officials of a state alleging that they deprived plaintiffs of federal rights under color of state law and seeking damages.    (*I've read to try not to use color, or a lot of bolding.)

Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) was a case in which the US Supreme Court ruled that an implied cause of action

26

existed for an individual whose Fourth Amendment protection against
unreasonable search and seizures had been violated by the Federal
Bureau of Narcotics.[1] The victim of such a deprivation could sue for the
violation of the Fourth Amendment itself despite the lack of any federal
statute authorizing such a suit. The existence of a remedy for the violation
was implied by the importance of the right violated.

   Any immunity on these both defendants is lost.

Furthermore, when George Phelan and Eric Stephan's actions got the
parenting petition dismissed on November 15,2022 it was up for a
parenting plan. Their actions caused the plaintiff and V.S. not to see each
other still to this day. The plaintiff has been fighting ever since to see V.S.
with Massachusetts constantly assisting the mother to keep the minor child
away from the plaintiff **with not one allegation of abuse or neglect ever
on the minor child further violating the plaintiff's constitutional rights
as a parent  Coming in conflict with federal laws and the Constitution.**
"The right of parents to care, custody and nurture of their children is of such
character that it cannot be denied without violating those fundamental
principles of liberty and justice which lie in the base of all our civil and
political institutions, and such right is a fundamental right protected by the

27

amendment (First) and Amendments 5,9, and 14 . <u>Doe v. Irwin,441 F Supp.</u>
<u>1247; U.S.D.C.of Michigan (1985)</u>

" Parent's interest in custody of her children is a liberty interest which has
received considerable constitutional protection; a parent who is deprived of
custody of his or her child, even temporarily, suffers thereby grievous loss
deserves extensive due process protection." <u>In the Interest Of Copper, 621</u>
<u>P 2d 437; 5 Kansas App 7th Cir WI,(1984)</u>

Loss of First Amendment Freedoms, for even minimal periods of time,
unquestionably constitutes irreparable injury. Though First Amendment
rights are not absolute, they may be curtailed only by interests of vital
importance, the burden of proving which rests on their government. <u>Elrod v.</u>
<u>Burns, 96 S.Ct. 2673; 427 U.S. 347, (1976).</u>

With no government interference unless the parent is deemed unfit, didn't
these two state actors interfere with this parent's rights when they started
on November 3, 2022. This all could have been avoided if they
communicated with New Hampshire, but child support generates revenue.

28

## ARGUMENT

1. The plaintiffs claims against George Phelan and Eric Stepan are not barred by the Rooker-feldman doctrine and with respect to injunctive relief  and damages (bullet points 1,2, of AG argument)
   a. The plaintiff is not challenging the Massachusetts child support order, the plaintiff  is fine with Massachusetts enforcing the child support order, so Rooker-Feldman doesn't apply here.
   b. The plaintiff is asserting the way they acquired the Order violated his Constitutional Rights under the color of the law.

## .42 U.S. Code § 1983 - Civil action for deprivation of rights, TITLE 18, U.S.C., SECTION 242

When state officials, judges violate anyone's constitutional rights under the color of the law  they can be held liable in their  individual capacity .

"A state official who enforces that law"comes into conflict with the superior authority of the Constitution," and therefore is " stripped of his official or representative character and is subject in his person to the consequences of his individual conduct.

The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States "Ex Parte Young,209 U.S.,at 159-160.

29

The Court adopted the rule of <u>United states v. Lee 455 U.S.252 (1982)</u> " a tort suit against federal officials, to permit a tort action against state officials to recover property held by them and claimed by state and to obtain damages for the period of withholding. The immunity of a state from suit has long been held not to extend to action against state officials for damages arising out of willful and negligent disregard of state laws. "The reach of the rule is evident in <u>Scheuer v. Rhodes  416 U.S. 232 (1974)</u>. , in which the court held that plaintiffs were not barred by the Eleventh Amendment or other immunity doctrines from suing the governor and other officials of a state alleging that they deprived plaintiffs of federal rights under color of state law and seeking damages.

The Attorney General alleges that the plaintiff from another state is barred from suit against the state of Massachusetts. Chief Justice Marshall had begun the process in **Osborn** by holding that the suit

30

was barred only when the state was formally named a party.

Furthermore, this is a Diversity claim and both George Phelan and Eric Stephan reside in their individual capacities in Massachusetts, the plaintiff resides in New Hampshire.

So all the arguments in bullet point one and two of the Attorney General's argument are moot.

**1. a. George Phelan in his individual capacity is not barred from damages in his individual capacity by his own admission in the transcripts, and Eric Stephan is not barred by prosecutorial immunity for acting under the color of the law.**

George Phelan by own admission in the transcripts stated he lacked all jurisdiction by saying, "If the child support box is checked off New Hampshire owns it " judicial immunity does not extend to actions taken by a judge in clear absence of all jurisdiction". Stump v. Sparkman, 435 U.S. 349, 356-57." Law and procedure that are" fair on their face" but administered  with an evil eye and a heavy hand" was discriminatory and violates the equal protection clause of

the Fourteenth Amendment.  Yick Wo V. Hopkins,118 U.S. 356,(1886)

George Phelan had plenty of time to correct his era, though he covered up his actions, and Eric Stephan's actions knowingly and willfully making him a co-conspirator.

He lacked subject matter jurisdiction when the child was only in the state for 5 months, he was told by both the plaintiff and defendant Amanda Kaelblein he had no jurisdiction. It wasn't a routine act when another state was consciously exercising jurisdiction and Massachusetts intervention interfered with this parent's Constitutional rights as a parent.

The  Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA )states that a state will refrain from intervening, if there is a custody proceeding in another state. It is worth noting that Massachusetts is the only state out of 50 states that adopted their own UCCJEA; they didn't want to adopt the federal government's UCCJEA coming in conflict with federal laws and acts that come in conflict with the Constitution.

George Phelan does not qualify for judicial immunity for his action taken in all absence of jurisdiction

George Phelan had many opportunities to save himself Caperton v. A. T.

Massey Coal Co., 556 U.S. 868 (2009) and he chose not to.Amanda Kaelblein

submitted a parenting plan on November 10, 2022 proving New Hampshire

had jurisdiction (See Exhibit

Eric Stephan was not a normal function.BURNS v. REED. No. 89-1715.

May 30, 1991 Unless Massachusetts is stating that Massachusetts

DOR lawyers can place child support orders without a judge to sign

them, or they gave lawyers the power as a judge in this state. Eric

Stephan violated the plaintiff's Constitutional Rights under the color of

the law and treated this plaintiff differently. He loses his official and

personal immunity as argued in the defendant's bullet point one of the

Motion to Dismiss this plaintiff is objecting to by the laws and facts

cited above.

## CONCLUSION

For the foregoing reasons this Objection to motion to dismiss should be

granted and this Honorable Court should not dismiss the claim against

George Phelan or Eric Stephan.

33

In the interest of justice the plaintiff will request the Court to let the plaintiff amend his complaint to a tort action and recover monetary damages and list injunctive relief .

Date  5/30/24

Michael Sean Speight
100 Main Street #106
Pembroke, NH 03275

34

← UNITED STATES DISTRICTaffidavit COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Michael Sean Speight

V.                                    Civil No. **1:24-cv-00055**

Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan
Eric Stephane
George Phelan (individual  capacity)
Eric Stephan ( individual capacity)

**AFFIDAVIT IN SUPPORT OF OBJECTION FOR MOTION TO DISMISS COMPLAINT**

**AGAINST GEORGE PHELAN AND ERIC STEPHAN**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING

INFORMATION IS TRUE AND CORRECT, WITH NO MEMORANDUM OF LAW NEEDED .

Date 5/28/24

Michael Sean Speight
100 Main Street #106
Pembroke,NH 03275

State of NH
County of Merrimack
        Signed and affirmed before me
on  5-28-2024  By michael Sean Speight.

Susan M. Leclaik
Notary  exp 5.31.28

SUSAN M LECLAIR
Notary Public-New Hampshire
My Commission Expires
May 31, 2028