FILED - USDC -NH
2024 JUN 10 AM 9:58

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.                                                       Civil No. **1:24-cv-00055**
                                                                   Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65, the plaintiff requests this Honorable Court to issue an injunction .

1. The plaintiff will prevail in proving likelihood of success on the merits of this case.

1.

2. Amanda Kaelblein is avoiding the Complaint, she was made aware of this on March 3,2022, and served thereafter. On April 23, 2024 was served in hand, with no answer, and no response to the Default Judgment against her. The misleading Courts and Dishonest has caught up with her and she can't respond.

   a. Amanda Kaelblein state shopped looking for a state that would be favorable to assist in keeping Plaintiff from V.S. (minor child), that would order more child support , and that it would be 5 years more in Massachusetts than New Hampshire.

   b. Amanda Kaelblein was misleading in all hearings about where she resided with plaintiff and V.S..

   c. Amanda Kaelblein made false narratives about the plaintiff in hearings in an attempt to keep V.S. away from the plaintiff, which were all proven false in Massachusetts Family Probate Court.

   d. Amanda Kaelblein stated in Massachusetts Family Probate Court the plaintiff should never see V.S. again, with not one supporting fact to her statement, and want.

    e. Again without Massachusetts Family Probate Court even being concerned about the statement or acting.

    f. Only after being served with this Federal Complaint did Amanda Kaelblein state then the plaintiff could have supervised visits with V.S. with nothing supporting the need for supervised visits , and Massachusetts Family Probate Court failing again to order any visitation.

    g. The plaintiff will prove the Family Probate Court had plenty of opportunities to order any type of custody order and failed to do so violating the plaintiffs Constitutional rights, and V.S. Constitutional rights.

2. Irreparable harm is being caused to the plaintiff, and V.S. The Plaintiff will prove through That Massachusetts failed to act Numerous times is constantly violating the plaintiff and V.S. Constitutional Rights and assisting Amanda Kaelblein on Keeping V.S. from the plaintiff with no good cause.

3. Balance of Equities harms the plaintiff and V.S. are suffering Outweighs any Massachusetts Family Probate Court will suffer.

3

The plaintiff and V.S. are suffering everyday, and the Relief the plaintiff is requesting is in the interest of justice and Outweighs any harm the Massachusetts Probate Court will suffer.

4. Public Interest, in granting this injunction serves the public Interest in respect to Massachusetts Family Probate Court Has and is continuing to violate parents Constitutional Rights By not ordering custody orders and prolonging Probate hearing Keeping children away from one parent when there is no Allegations of abuse or neglect on the child. It would serve the Best interest of the public where other parents could use this Injunction for Massachusetts family Probate Courts for Violating their Constitutional Rights.

Or Massachusetts Family Court look at their practices.

For the reasons stated above and stated in the Memorandum of Law, this motion should be granted and relief requested in Memorandum should be granted.

4

Date 6/9/24

*[signature]*

Michael Speight
100 Main St. #106
Pembroke, Nh 03275

5.