FILED - USDC -NH
2024 JUN 10 AM 9:58

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.                                          Civil No. **1:24-cv-00055**
                                   Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR

# PRELIMINARY INJUNCTION

## INTRODUCTION

The plaintiff is  requesting an injunction from this Honorable Court for a

consistent pattern of Constitutional Rights violation from Amanda Kaelblein

and Massachusetts Family Probate Court.

With not one allegation of abuse or neglect  on the plaintiff towards V.S. a minor child, the Family Probate Court consistently assists Amanda Kaelblein on not ordering any type of custody order.

The plaintiff has shown the Court a consistent pattern of misleading statements through transcripts, consistent pattern of false narratives about the plaintiff, and from Amanda Kalblein own words , the plaintiff should never see V.S. again. A statement with no supporting facts should be alarming to a Family Probate Judge.

The plaintiff seeks this Federal Court intervention for the Constitutional Violations as a parent .

The relief requested is to grant the plaintiff full custody of V.S. and order Amanda Kaelblein supervised visitation and child support

For her actions that should have been concerning to  the lower court, interference with the plaintiffs  parental rights, and inflicting emotional and mental abuse on V.S. for her own ill feelings towards the plaintiff for their separation.

## FACTS OF CASE

Amanda Kaelblein, V.S. (minor Child), And plaintiff resided at 153 North Shore Rd. Derry, Nh from June 11,2011, till May 28,2022. (See exhibit 1

Derry police report) Amanda Kaelblein was offered a restraining order at this time and declined saying the plaintiff was not violent . (plaintiff will request the police officers to testify)

Amanda Kaelblein took V.S. and went to Massachusetts.

On June 6, 2022 , the plaintiff filed a parenting petition in Derry Family Court in New Hampshire for custody and child support.( see exhibit 2 Case summary)

Amanda Kaelblein realized she was not welcome at the residents in Derry, Nh filed her first attempt at a restraining order in Malden District Court, MA which was denied on June 15,2022 (see exhibit 3)

On July 21, 2022, Amanda Kaelblein Motioned Derry Family Court to dismiss the parenting petition and have it moved to Massachusetts which was denied. (see exhibit 2 case summary 7-21-2022)

On August 17, 2022, Amanda Kaelblein requested a paternity test. Her shows Amanda Kaelblein is trying to waste time so the minor Child V.S. is living in Massachusetts for 6 months. The plaintiff was on birth certificate and has taken care of V.S. since she was born. Plaintiff was also paying child support with no order in place since Amanda fled to Massachusetts on May 28,2022.

3

On September 27, 2022, motion for paternity was denied , Temporary orders to be put in place at Derry Family Courts earliest convenience.( see exhibit 2 case summary 9-27-2022)

After Amanda Kaelblein's motion to dismiss and move to Massachusetts was denied , she still contacted Massachusetts for child support. Massachusetts child support last till the child is 23, and its 18 in New Hampshire also Massachusetts orders more money than New Hampshire.

This is considered state shopping for a more favorable custody case

On November 3, 2022 a child support hearing was held over the telephone in Massachusetts Woburn Family Court. Where Judge George Phelan was made aware New Hampshire was continuously exercising jurisdiction

Amanda Kaelblein admitted twice in the transcripts the plaintiff, her and V.S. lived together for 5 years. Amanda Kaelblein was also dishonest, telling Judge George Phelan there was only a custody issue in New Hampshire not a child support issue , along with D.O.R. lawyer Eric Stephaine.

Judge George Phelan, placed a 4d order in place (which means plaintiff

4

continues to pay Amanda Kaelblein on his own no state involvement.)

Eric Stephaine placed a full order in ( See exhibit  4   Massachusetts transcripts November 3, 2022 and all attachments)

On  November 14, 2022 Amanda Kaelblein submitted a parenting plan to Derry Family Court, with visitation  a child support order and another attempt at a restraining order for the plaintiff.( see exhibit 2 case summary 11-14-2022 and attachments )

On November 15, 2022, Amanda Kaelblein in Derry Family Court with Attorney Kristen Weber, misled the Court into thinking Massachusetts picked up jurisdiction , also making false narratives about the plaintiff.

Stating He never had any type of relationship with V.S. , The plaintiff never saw her and was absent from her whole life.(on November 3, 2022 hearing Amanda Kaelblein Stated they lived together 5 years, the child's whole life)

The parenting Petition was dismissed from Derry Family Court (see case summary 11-15-2022)

On December 12, 2022, Amanda Kaelblein filed a harassment order on Plaintiff which the Malden District Court granted for plaintiffs' failure to show up for the Court hearing. (see exhibit 3 all restraining orders)

5

On January 30, 2023, Amanda Kaelblein tried to modify the harassment order to another restraining order to include V.S.  This was denied.(see exhibit 3)

The plaintiff appealed the dismissal to New Hampshire Supreme Court where it was denied on January 12,2024

On February 2, 2024 , plaintiff filed for 50/50 custody in Woburn Family Court, in Massachusetts (see exhibit 5, and 6 Woburn Probate Court)

On March 14,  2024,  in the hearing in Massachusetts , woburn Family Probate Court (see exhibit 5  page 8 lines 5-12)

THE COURT; Let me ask. Dad hasn't seen your daughter for some period of time.

MS. KAELBLEIN; Yes.

THE COURT; So do you think there should be any parenting order put in place?

MS. KAELBLEIN; I do not.

THE COURT; Forever and ever?

MS KAELBLEIN; I do not believe that , no.

In this hearing Amanda Kaelblein states the plaintiff needs every type of therapy there is, the plaintiff has been sober and in therapy since

6

September 11, 2018 again giving false narrative to the court. (see exhibits

7 supporting documents from witness that will be called)

 No order put in place and no date for another hearing.

 The plaintiff served a copy of the complaint on this day in Court, from U.S.

District Court of New Hampshire ( see exhibit 5  page 3 lines 3-5 )

MS. PADILLA; No. Father has presented some documents today. Mother

has copies of everything. He appears to have filed some sort of civil

litigation in New Hampshire. I believe it was filed this month— No, I'm sorry,

in February, like, around the 24th. It has not been heard yet.

   On April 23, 2024 the record reflects, Amanda Kaelblein was served in

hand.

   Some time in April the plaintiff filed a EX PARTE motion in Woburn Family

Court for visitation, and a change of custody, for Amanda Kaelblein

continuously being dishonest with Courts, making false narratives about the

plaintiff, denying visitation. Citing Massachusetts Appeals Court cases,

 On May 2,2024 in a hearing in Woburn Family Court, Amanda Kaelblein

now agreed to supervised visitation ONLY AFTER SERVED WITH

FEDERAL COMPLAINT.

 The plaintiff proved twice in these transcripts that the mother was

7

dishonest on this day.

 (see exhibit  6     Massachusetts woburn Family Court page 5 lines 9-19

 MR SPEIGHT;  you know, I started a Supreme Court case there. The Court

has determined that a parent's fundamental right to direct care, custody,

and control of their children. The court a;so determined that the

government should not interfere with this right unless the parent is unfit.

 There has never been any allegations of abuse or neglect on me towards

my child.I DON'T UNDERSTAND WHY A FATHER HAS TO FIGHT SO

HARD TO SEE HIS CHILD. ALLS I'M ASKING FOR IS 50/50 custody,

every other weekend, one night a week.

 There was no visitation order put in place on this date either and continued

to August 23, 2024.

## ARGUMENT

## LIKELIHOOD OF SUCCESS ON THE MERITS

**!. Amanda Kaelblein was served in Woburn Family Probate Court with**

   **This federal complaint on March 14, 2024, served in hand by**

   **Middlesex Sheriff's Office on April 23,2024.**

   a.  The defendant ,Amanda Kaelblein is ignoring this complaint, she has

no defense for all the misleading statements to the Courts, for state

shopping, for interfering with the plaintiffs parental rights, inflicting

emotional and mental abuse on the plaintiff and minor child V.S..

2. **Amanda Kaelblein state shopped for a more favorable custody,**

   **Child support order.**

   a. Amanda Kaelblein motioned  Derry Family Court in New Hampshire

   to dismiss and have the case moved to Massachusetts on July

   17,2022 and it was dismissed. Amanda Kaelblein still went to

   Massachusettts and they assisted her knowing there was an ongoing

   custody/ child support petition in New Hampshire. This is called state

   shopping .

   This is against Uniform Child Custody Jurisdiction Enforcement Act

   which Massachusetts is the only state out of the 50, that hasn't

   adopted the Federal guidelines. Another reason for federal

   intervention.

3. **AMANDA KAELBLEIN mislead Courts with false statement about**

   **Where she resided and false narratives about the plaintiff to keep**

   **V.S. away from the plaintiff.**

   a. Plaintiff has letters from neighbors at 153 North Shore Rd. Derry,NH

that Amanda, V.S., and the plaintiff resided there for a year. These neighbors will testify at trial.Plaintiff also has numerous amazon package receipts and different dates where Amanda had packages sent to the house for her.

b. False narrative about the plaintiff, these cases out of Massachusetts appeals court determined circumstances for modification of custody for being dishonest in Court. The Court determined it was not good for the mental health of the child to remain in the household with the mother and she didn't have the best interest of the child. <u>JEANNINE PRIVITERA V MICHAEL F. KENNELLY No.14-p-1058 (2015)</u>

c. <u>E.K. V.S.C.(2020)</u> mothers behavior warranted a change in custody

d. This case is where the mother was unwilling to coparent with the father. The mother called the police on the father , Mother was harassing the father. <u>RAY STONE V MELISSA STONE No. 14-p-814 ( 2015)</u> Amanda Kaelbelien attempt at 4 restraining orders which were all denied is considered harassment.

4. **Under New Hampshire Law a unmarried couple living together both Share 50/50 custody of the children, Amanda Kaelblein fled to Massachusetts because the state gives mother sole physical**

custodial parental rights without a court hearing.

    a. Amanda Kaelblein withheld V.S. from the plaintiff, wasting court resource and prolonging the parenting plan in New Hampshire by staling Court proceeding when plaintiff was paying child support/ on birth certificate by asking for a paternity test, further withholding V.S. from the plaintiff using the Courts with false narratives about the plaintiff, changing everytime she went to Court .MAYS V LEE 94 MASS. App. Ct. 1122 (2019) The mother withheld the children from the father. There was a change of custody to father here too. Mother failed the children by denying them access to the father and didn't have the children's best interest.

5. Amanda Kaelblein manipulation of Woburn Probate Court is getting them to assist to keep V.S. away from the plaintiff violating the plaintiffs Constitutional Rights as a parent and the need for this Federal Courts intervention.

    a. The Right of a parent to the care , custody, and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the

base of all our civil and political institutions, and such right is a
fundamental right protected by this Amendment (FIRST) and
Amendments 5,9, and 14th <u>Doe v Irwin,441 F.Supp 1247; U.S. D.C.
of Michighan .(1985)</u>

b. Fathers enjoy the right to associate with his children which is
guaranteed by this amendment (First) as incorporated in Amendment
14, or which is embodied in the concept of "liberty" as that word is
used in the Due Process Clause of the 14th Amendment and Equal
Protection Clause of the 14th Amendment <u>Marbra v. Schmidt, 356,F.
Supp 620 D.C., WI (1973)</u>

c. The U.S. Supreme Court implied that "a (once) married father who is
separated or divorced from a mother and is no longer living with his
children" could not constitutionally  be treated differently from a
currently married father living with his child.<u>Quilloin v Walcott,98 S Ct
549;434 U.S. 246,255 Q56(19780</u>

d. A parent right to care and companionship of his or her children are so
fundamental , as to the guaranteed protections under the First,
Ninth,and Fourteenth Amendments Of the United States Constitution
<u>In re J.S. and C.,324 A 2d 90,supra 329 NJ super, at 489</u>

12

e. The plaintiff and minor child V.S. have been separated for 2 years, for the lower Courts lack of awareness of Amanda Kaelblein manipulation.

With the Constitutional Rights violations that have not been enforced the likelihood of success is high

### IRREPARABLE HARM

 The emotional and mental abuse suffered by the plaintiff for the separation of his best friend V.S... There is no amount of compensation that could be received for the loss of two important years that were stolen from the plaintiff and V.S.. The plaintiff missed the first day of kindergarten, and first grade.

Missed the last time V.S. would say words in the funny way she did until she said them correctly. The plaintiff missed so much and worrying how much his relationship has deteriorated can not be described in words. Sleepless nights, all because Amanda Kaelblein wanted to hurt The plaintiff and she was hurting V.S. at the same time.

13

## Balance of Equities

The balance of equities is the plaintiff will never make false narratives about Amanda Kaelblein, The plaintiff will never keep V.S. away from her mother , the plaintiff will encourage her to get the help she needs so we can co parent and raise our daughter together.

So the balance of Equities is more than fair to Amanda Kaelblein, she will never feel and suffer as I have and V.S. has the last two years.

## PUBLIC INTEREST

By This Federal Court intervening other parents that are in the same situation will be able to use this case. So they won't hopefully have to wait as  long as the plaintiff had to to see V.S.

Also maybe Massachusetts will look at its practices when it comes to manipulating parents that don't want the other parent to see their children with no supporting evidence.

Also maybe Massachusetts will adopt the UCCJEA like 49 other states have and stop this from happening . It will serve the public's interest and free up wasted Court resources.

14

## RELIEF REQUESTED

1.  The plaintiff is requesting this Preliminary Injunction be granted.

2. The plaintiff requested this Honorable Court remand an order back to Woburn Family Court.

    a. With a full custody order in favor of the plaintiff, and supervised visitation for Amanda Kaelblein for her consistent unhealthy behavior which isn't in the best interest of V.S.

## CONCLUSION

This preliminary Injunction should be granted for the likelihood of success of the plaintiff and in the interest of justice.

Also the fact that Amanda Kaelblein continues her unhealthy behavior and making a mockery out of this Court by ignoring this complaint.

15

Date 6/9/24

Michael Sean Speight
100 Main st. #106
Pembroke, NH 03275

16