UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| _____ ) | |
| MICHAEL SEAN SPEIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                   ) | Case No. 1:24-cv-00055-LM-AJ |
| ) | |
| AMANDA KAELBLEIN, ) | |
| MICHAEL KAELBLEIN, ) | |
| NANCY KAELBLEIN, ) | |
| JUDGE GEORGE PHELAN, and ) | |
| ERIC STEPHAN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS MICHAEL KAELBLEIN AND NANCY KAELBLEIN'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiff's Complaint asserts claims for damages against Michael and Nancy Kaelblein (hereinafter, "Michael" and "Nancy) for an unspecified, alleged conspiracy that has caused him "mental and emotional" anguish. These claims should be dismissed for several reasons. First, the Court lacks subject-matter jurisdiction over the domestic relations aspects of Plaintiff's claims and should decline to exercise subject-matter jurisdiction over the remainder, which are closely, and inextricably, related to a domestic relations matter. Second, this Court lacks personal jurisdiction over Michael and Nancy who received insufficient process and service of process and are residents of Massachusetts. Third, Plaintiff has failed to state a claim upon which relief can be granted, as he has put forth only threadbare and conclusory claims that do not suffice under *Twombly* and its progeny.

1

## RELEVANT FACTS ALLEGED

Plaintiff alleges that he is the father of a minor child with Amanda Kaelblein.  He states that Amanda Kaelblein "conspired with others to further her agenda which is ruining [Plaintiff's] relationship with his daughter…since May 28, 2022."  Complaint (hereinafter, "Compl.") at ¶ 1. He claims that Amanda Kaelblein "inflected (*sic*) emotional and mental abuse on plaintiff," "conspired with [Defendant Eric Stephanie] to get an illegal child support order," "misrepresented the truth in Derry Family Court to get the plaintiffs' parenting petition dismissed," lived in Derry, New Hampshire for 356 days, and declined a restraining order she was offered but then received a harassment order. *Id.* at ¶¶ 2-5.  He further claims that "Amanda Kaelblein, on May 28, 2022, left New Hampshire with a minor child and went to Massachusetts without permission from the plaintiff."  *Id.* at ¶ 5.

In relation to his claims against Michael and Nancy, Plaintiff first states that Michael Kaelblein "on May 28, 2022, told the plaintiff if he split up with his daughter, he would never see his child again, causing emotional and mental anguish." *Id.* at ¶ 7.  He further alleges that Michael Kaelblein "conspired and funded Amanda Kaelbleins campaign causing emotional and mental abuse on plaintiff/child."  *Id.* at ¶ 8.  Plaintiff alleges that Nancy Kaelblein "misrepresented the truth in Derry Family Court on November 15, 2022, supporting her Daughters campaign" and "conspired with Michael Kaelblein, and Amanda Kaelblein to alienate the father from his child." *Id.* at ¶¶ 9-10.

## LEGAL STANDARD

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the party asserting federal jurisdiction has the burden of demonstrating its existence. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Dismissal is appropriate only when the facts alleged in the complaint, taken as true and given all reasonable inferences,

do not support a finding of federal subject matter jurisdiction. *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009). A challenge to the court's subject matter jurisdiction must be addressed before addressing the merits of a case. *See Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013) (*citing Donahue v. City of Boston*, 304 F.3d 110, 117 (1st Cir. 2002).

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff also bears the burden of demonstrating that jurisdiction is both statutorily authorized and consistent with the Due Process Clause of the United States Constitution. *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must apply the "prima facie" standard of review, which places the burden on plaintiff to proffer evidence to demonstrate the existence of every fact required to satisfy both requirements. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618-19 (1st Cir. 2001).

Finally, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." *SEC v. Tambone*, 597 F.3d 436, 441 (1st Cir. 2010). The complaint must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation omitted) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must construe pleadings of a *pro se* Plaintiff liberally. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted). *Pro se* status, however, "does not insulate a party from complying with procedural and substantive law." *Id.* at 890.

**ARGUMENT**

I. <u>**The Court Should Decline To Exercise Jurisdiction Because The Claims Are Too**</u>
<u>**Closely Related to Domestic Relations Matter**</u>

Plaintiff offers no basis for federal jurisdiction over what amounts to a domestic relations dispute between himself and Amanda Kaelblein, and the claims should be dismissed for want of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

It is axiomatic that domestic relations are excepted from federal court jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (reaffirming the domestic relations exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees."). The First Circuit has also held that, although the domestic relations exception "has been narrowly confined, we, and other courts of appeals, have held that federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception." *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir. 1981).

As an initial matter, Plaintiff specifically requests that this Court issue orders affecting child custody matters, including ordering "Amanda Kaelblein to attend parenting classes that stress how important both parents are in a child's life," and "that if Amanda Kaelblein continues any unhealthy patterns that harm the child or plaintiff she loses her parental rights, and father gets full custody." Compl. at p. 7. He also requests that Michael Kaelblein reimburse "this the plaintiffs time filing motions, appeals and missing work," which is essentially a request for sanctions and/or costs and fees in the custody matter. *Id* at p. 8. Those claims fall directly within the domestic relations exception to federal jurisdiction as articulated in *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), and are therefore outside of this Court's federal jurisdiction and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Furthermore, Plaintiff's Complaint makes abundantly clear that there is an ongoing custody dispute between himself and Amanda Kaelblein that directly impacts his claims for relief in this matter.  Indeed, he bemoans the statements made before the Derry Family Division, which he acknowledges dismissed his parenting petition for lack of jurisdiction on November 15, 2022. Compl. at ¶ 4. And he acknowledges the Massachusetts action for child support, which issued a judgment just six months ago against Plaintiff.  *See DOR*, *on behalf of Kaelblein v. Speight*, Middlesex Probate and Family Court, Docket No. MI22W1174WD, Dkt. 20.   Whether Amanda Kaelblein is improperly "withholding" the child, and whether Michael and Nancy are conspiring in any such purportedly wrongful action, hinge entirely on the determination of the proper custody of the minor child.

The facts of this case closely resemble those addressed by the First Circuit in *Sutter v. Pitts*, where the Court affirmed the District Court's decision to abstain from exercising jurisdiction.  639 F.2d 842, 845 (1st Cir. 1981).  In that case, the plaintiff mother filed a diversity jurisdiction suit against her former husband and her child's father. *Id.* at 842.  Following a long custody battle in Alabama, the father moved with the child to Massachusetts.  *Id.* at 843.  The mother sought a custody order in Massachusetts, and Massachusetts granted her visitation with the child and ordered father not to remove the child from Massachusetts.  *Id.*  Father did, however, remove the child from Massachusetts and had refused to obey any further orders of the Massachusetts courts.  *Id.*  The mother brought suit in federal court, claiming that the father had violated her constitutionally protected parental rights and due process.  *Id.* at 844.  The mother sought both equitable relief as well as compensatory and punitive damages.  *Id.*  In affirming the district court's decision to abstain from adjudicating the complaint, the First Circuit noted that the claim, although "clothed…in the garb of a civil rights action," "boiled down to a demand for

custody of the child," and that intervention by a federal court would result in "an obvious likelihood of incompatible state and federal decrees about an issue that is subject to the continuing jurisdiction of the state courts." *Id.* at 844.

The same reasoning that justified the *Sutter* court's abstention applies to this case. Quite simply, Plaintiff's claims against Michael and Nancy are the latest maneuver in his custody dispute with Amanda Kaelblein "clothed in the garb" of a tort claim. This Court should therefore abstain from adjudicating the dispute, just as the trial court did in *Sutter*, as it is entirely dependent on the underlying domestic relations matter between Plaintiff and Amanda Kaelblein, and there is therefore too great of a risk of conflicting federal and state court orders.

## II.   The Complaint Should Be Dismissed Because The Court Lacks Personal Jurisdiction Over Defendants Michael and Nancy Kaelblein

### a.   There Was Both Insufficient Process And Service of Process

By failing to attach a complaint to the summons served on Michael and Nancy, Plaintiff failed to provide them with sufficient process and sufficient service of process and thereby failed to establish this Court's personal jurisdiction over them. Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5); *see also Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (superseded by statute on other grounds) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")

Federal Rule of Procedure 12(b)(4) provides for dismissal of a Complaint where insufficient process occurred, and Federal Rule of Civil Procedure Rule 12(b)(5) similarly provides for dismissal of a Complaint where insufficient service of process occurs. Proper process and service of process are prerequisites to the Court exercising personal jurisdiction over the defendants. *See Omni Capital,* 484 U.S. at 104.

Federal Rule of Civil Procedure (4) governs the requirement for the contents and service of any summons.  Rule (4)(c) specifically requires that the summons be served "with a copy of the complaint."  As courts have held, actual knowledge of a lawsuit is not a substitute for proper service. *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

Defendants Michael and Nancy were served with a summons, but without an attached Complaint.  Affidavit Of Defendants Michael Kaelblein And Nancy Kaelblein In Support Of Their Motion To Extend The Time To File A Motion To Dismiss Or Otherwise Respond To Plaintiff's Complaint And/Or To Set Aside Entry Of Default (ECF No. 20) at ¶¶ 3-4.  The process on Michael and Nancy was therefore insufficient because it did not include all of the required documents.  *See* Fed. R. Civ. Pro. 4(c). And, relatedly, the service of process was inadequate, where Michael and Nancy were not served with all of the required documents.  *See id.*

The direct result of this insufficient process and inadequate service is that the Court lacks personal jurisdiction over Michael and Nancy.  *See Omni Capital*, 484 U.S. at 104. Dismissal of the claims against Michael and Nancy is therefore both proper and necessary pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), and 12(b)(5).  *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (holding district court properly granted defendant's motion to dismiss where pro se plaintiff mailed summons without attaching a copy of the complaint).

### b.  There Is No Basis For Personal Jurisdiction Over Michael And Nancy As Massachusetts Residents

Plaintiff failed to meet his burden to allege facts sufficient to establish this Court's personal jurisdiction over Michael and Nancy, who are residents of Massachusetts. *Phelps v. Kingston*, 130 N.H. 166, 170 (1987) (holding Plaintiff bears the burden to allege facts sufficient

to establish personal jurisdiction); *see also* Compl. at p. 2 (listing Michael and Nancy's address as Melrose, Massachusetts).  In fact, Plaintiff alleged no facts whatsoever to justify a New Hampshire Court exercising personal jurisdiction over them.  *See generally* Compl.

Federal Rule of Civil Procedure 4(k)(1) provides that service is effective to establish jurisdiction over a defendant: "(A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or (C) when authorized by a federal statute."

New Hampshire courts utilize a two-step inquiry to determine whether personal jurisdiction over an out-of-state resident exists: (1) whether jurisdiction exists pursuant to the New Hampshire long-arm statute, RSA 510:4, I; and (2) whether exercising personal jurisdiction meets the requirements of the Due Process Clause.  *See Skillsoft Corp. v. Harcourt Gen., Inc.*, 146 N.H. 305, 307-08 (2001).  The New Hampshire long-arm statute, RSA 510:4, I, provides for jurisdiction over an out-of-state resident if: (a) the out-of-state resident transacts any business within this state; (b) commits a tortious act within this state; (c) or has the ownership, use, or possession of any real or personal property in this state.

Where there is no allegation that either Michael or Nancy transact business in New Hampshire, nor that they own real or personal property in New Hampshire, the only possible basis for jurisdiction over them is therefore that they allegedly committed tortious acts in New Hampshire.  *See* RSA 510:4, I.  As described *infra*, almost no details at all are provided as to the allegedly tortious actions taken by Michael and Nancy in relation to this matter.  However, taking the facts alleged as true only for this Motion to Dismiss, Plaintiff states that "Amanda Kaelblein alienated [Plaintiff] from his daughter through tactics, And conspired with others to further her

agenda….since May 28, 2022." Compl. at ¶ 1. He further states that "Amanda Kaelblein, on May 28, 2022, left New Hampshire…and went to Massachusetts." *Id.* at ¶ 5. Where Defendants were alleged only to "conspire" with Amanda, it therefore stands to reason that the actions they are accused of occurred solely in Massachusetts, where both they and Amanda lived at the time of the purportedly wrongful actions. *Id.* at pp. 1-2.

The only possible exception is the alleged "misrepresentation" made by Nancy Kaelblein in Derry Family Court on November 15, 2022. Compl. at ¶ 9. However, as stated above, Plaintiff makes no specific allegation as to what Nancy Kaelblein supposedly misrepresented. Furthermore, it is notable that the hearing apparently related to Amanda Kaelblein's contention that Massachusetts, not New Hampshire, had jurisdiction over the custody dispute between her and the Plaintiff. Plaintiff's Motion of Objection to Motion to Dismiss Complaint Against George Phelan and Eric Stephan, Exhibit 2 (ECF No. 19-2) at p. 4 (Order issued on November 15, 2022 states that "The Court finds that jurisdiction cannot be waived, and the jurisdiction over this child properly lies in Massachusetts and not in New Hampshire."). Nancy's testimony in that matter should therefore not be used to establish jurisdiction over her in this state. *Cf. March v. Eastern Railroad Company, 40 N.H. 548, 583 (1860)* (no personal jurisdiction is conferred when the party appears for the sole purpose of making objection to the authority of the court to proceed).

Where Plaintiff failed to allege facts sufficient to establish personal jurisdiction pursuant to RSA 510:4, I, the Complaint against Michael and Nancy pursuant to Federal Rule of Civil Procedure 12(b)(2) must be dismissed for failing to establish this Court's personal jurisdiction over them.

**III.** **The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted**

Plaintiff's allegations against Michael and Nancy are precisely the type of "threadbare" allegations and "naked assertions" that *Twombly* and its progeny held insufficient and should be dismissed.

To survive a motion to dismiss pursuant to Federal Rule of Federal Procedure 12(b)(6), a plaintiff must, pursuant to the pleading requirements of Rule 8(a), allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Peterboro Tool Co. v. People's United Bank*, 848 F. Supp. 2d 164, 167 (D.N.H. 2012) (applying *Twombly* standard to case filed pursuant to District Court's diversity jurisdiction). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although well-leaded facts are to be accepted as true, "threadbare recitals of a cause of action's elements" and "mere conclusory statements" are not to be given the same deference. *Id.*  Courts are not required to accept as true a claim of "conspiracy" where they are not made in conjunction with a more specific allegation. *See Twombly*, 550 U.S. at 557.

In relation to Michael and Nancy, Plaintiff first alleges that Michael "told the plaintiff if he split up with his daughter, he would never see his child again" and is liable for "conspir[ing] and fund[ing] Amanda Kaelbleins (*sic*) campaign…." to alienate the child from Plaintiff.  Compl. at ¶¶ 7-8.  Plaintiff next alleges that Nancy Kaelblein "misrepresented the truth in Derry Family Court on November 15, 2022, supporting her Daughters (*sic*) campaign." *Id.* at ¶ 9. The Complaint goes on to allege that Nancy Kaelblein conspired with Michael Kaelblein, and Amanda Kaelblein to alienate the father from his child." *Id.* at ¶ 10.

There are no facts at all to support these general, conclusory statements.  It is not clear how the parties allegedly conspired, when they conspired, what Nancy allegedly misrepresented, or what particular role Michael and/or Nancy Kaelblein played in the alleged conspiracy. Indeed, it is not evident from the Complaint that Michael and Nancy did anything other than exist as parents to an adult child going through a custody dispute with an ex-partner.  The Complaint therefore fails to provide a "plausible" theory of the tort that Michael and Nancy purportedly committed and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs claims against Michael and Nancy Kaelblein should be dismissed for insufficient service and process of service, lack of personal jurisdiction, lack of subject-matter jurisdiction, and failure to state a claim upon which relief may be granted.

Respectfully submitted,
Michael Kaelblein and Nancy Kaelblein
By their Attorneys
Welts, White & Fontaine, P.C.

Date:  6/17/2024                By:   */s/ Nicole Fontaine Dooley*
                                Nicole Fontaine Dooley, Esq.
                                NH Bar No. 266186
                                29 Factory St./P.O. Box 507
                                Nashua, NH 03061-0507
                                (603) 883-0797
                                nfontainedooley@lawyersnh.com

## CERTIFICATE OF SERVICE

I, Nicole Fontaine Dooley, hereby certify that on June 17, 2024, this document was filed through the ECF system and sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and by first class mail to non-registered participants.

*/s/ Nicole Fontaine Dooley*
Nicole Fontaine Dooley