UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.                     Civil No. **1:24-cv-00055**
                        Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

**AFFIDAVIT IN SUPPORT OF MOTION OF OBJECTION TO MOTION TO DISMISS ON MICHAEL KAELBLEIN AND NANCY KAELBLEIN**

I swear under the pains of the penalty of perjury, that everything is true and correct to the best of my knowledge.

  The defendants will receive through E=File.

Date 6/21/24

Michael Sean Speight
100 Main Street #106
Pembroke, NH 03275

Speight6317@gmail.com

State of __N.H.__

County of __Merrimack__

I Certify the following person personally appeared before me this day, acknowledgement that this person signed this document.

__Michael S. Speight__

Expires date _____

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Subscribed and sworn to before me this
__21__ day of __June__ __2024__

_Linda A. Williams_

OFFICIAL SEAL
LINDA A. WILLIAMS
NOTARY PUBLIC - NEW HAMPSHIRE
My Comm. Expires September 18, 2024

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.

Civil No. **1:24-cv-00055**
Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO DISMISS AGAINST MICHAEL KAELBLEIL AND NANCY KAELBLEIN**

**INTRODUCTION**

The defendants claim that the plaintiff's complaint resembles closely to a domestic relations matter.See Merritt V. Mackey, 932 F.2d 1317( 9th Cir., 1991) the plaintiff is seeking now a recommendation not a order. The plaintiffs Constitutional Rights were Violated by a state actor who was acting Under The Color of The Law. Amanda Kaelblein worked IN CONCERT with Eric Stephanie to get plaintiffs' parenting petition dismissed

1

out of New Hampshire and moved to Massachusttes. The way the child support order was acquired was lawless, it also violated UCCJEA and the PKPA (Uniform Child Custody Jurisdiction Act and Parental Kidnapping Prevention Act which Massachusetts is the only state out of 50 that hasn't adopted it) Michael Kaelblein and Nancy worked IN CONCERT with Amanda Kaelblein so they are culpable.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege 'sufficient factual matter to state a claim to relief that is plausible on its face.'" Gogos v. AMS Mech. Sys., Inc., 737 F.3d 1170, 1172 (7th Cir. 2013) (per curiam) (alterations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court should accept all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief. See id. at 679; Santana v. Cook Cty. Bd. of Review, 679 F.3d 614, 620 (7th Cir. 2012). Allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth. Iqbal, 556 U.S. at 678. As this analysis

2

suggests, the plausibility standard does not allow a court to question or otherwise disregard non conclusory factual allegations simply because they seem unlikely. See id. ("The plausibility standard is not akin to a 'probability requirement'...."). Rather, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). In light of this standard, Plaintiff has pled sufficient nonconclusory factual allegations to plausibly state his causes of action.

## ARGUMENT

1. **THIS COURT HAS JURISDICTION OVER THIS COMPLAINT DUE TO CONSTITUTIONAL VIOLATIONS AND IT'S NOT A DOMESTIC RELATION COMPLAINT**

Amanda Kaelblein and Eric Stephanie worked IN CONCERT and gave false information to Judge George Phelan.(See filing #19 plaintiff's objection motion to dismiss against George Phelan and Eric Stephaine.) Which makes Amanda Kaelblein just as liable as Eric Stephanie under 42 U.S.C. 1983

there are Constitutional Violations and the party is acting  IN

3



CONCERT with a state actor (Eric Stephaine ), which makes Amanda Kaelblein just as liable as the state actor under the color of the law (See filing #19 Exhibit 3)

Massachusetts Transcripts dated November 3, 2022.

On page 18 lines 23-25

THE COURT; All right. So Amanda , did Michael file a case involving custody and child support regarding this–

MS. KAELBLEIN; He did. (meaning in New Hampshire)

Amanda Kaelblein admits here there is an ongoing custody and child support proceeding in New Hampshire since June of 2022.

Page 19 lines 17-18

MS. KAELBLEIN; I am aware of a hearing that involves— involves child custody, not child support.

Here Amanda Kaelblein changes her story, misleading Judge George Phalen .

Page 22 continued to page 23 lines 25   1-9

MR. STEPHANIE; Let me check judge. Ive –I've spoken to (cont page 23) the defendant's attorney who represented him in his

4

case in New Hampshire. He filed a complaint for parenting time in New Hampshire, and I went over this with his attorney. I had several conversations with him. Child support was not pled in New Hampshire. That's why we are going forward with this in Massachusetts. But i have spoken to his attorney about this at length, and he did not plead that the Court enter an order for child support against him in New Hampshire. That's why we filed in Massachusetts.

The plaintiffs former attorney Michael Ryan is on the witness list, for he states that's not the conversations Eric Stephanie and him had.

The plaintiff was already paying Amanda Kaelblein $200 since she fled New Hampshire with minor child V.S. on May 28,2022(PKPA)

The minor child V.S. wasn't residing in Massachusetts 6 months at the date of this hearing, only 5 months it wasn't the child's home state UCCJEA

Former Attorney Michael Ryan is willing to testify that wasn't his conversation with Eric Stephanie.

5

Judge George Phelan request Eric Stephaine get a copy of the parenting petition filed in Derry Family Court, New Hampshire to see if the child support box was checked off (See filing 19 Exhibit parenting petition child support checked off) which plaintiff sent to Eric Stephanie and he withheld it from Phelan.

Then Judge George Phelan told Stephanie to place a 4D in where the plaintiff continues to pay mother on his own, with no DOR involvement <u>Stephanie placed a full child support order in getting plaintiffs parenting petition dismissed in New Hampshire</u> **<u>Violating the plaintiffs Due Process 5th and 14th, Equal protection 14th, Right to Legal Counsel, right to fair trial 6th Amendments</u>** (Described fully in memorandum in Filling #19)

Both Amanda Kaelblein and Eric Stephaine worked IN CONCERT to accomplish the same goal.

Eric Stephanie even states in the transcripts he and Amanda talked numerous times before the hearing.

Both parties worked IN CONCERT to accomplish the same

6

agenda.

See Dennis V. Sparks, 449 U.S. 24 (1980)." A private individual that was accused of conspiring with a judge to improperly issue an injunction" **The Supreme court held that private individuals who conspire with state actors can be held liable under Section 1983, which addresses civil rights violations.**

Adickes V. S.H. Kress and Co., 398 U.S. 144 (1970) " In this case, a private business and police officer were alleged to have conspired to deny service to a white woman accompanied by black student"

Lugar V. Edmondson Oil Co., 457 U.S. 922 (1982) " a debtor claimed that a private creditor acted jointly with a state official to wrongfully seize his property"

Brentwood Academy V. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288 (2001)." This case involved a private athletic association that was found to be acting as a state actor due to its extensive entwinement with state officials and private schools"

Michael Kaelblein and Nancy Kaelblein worked IN CONCERT with Amanda Kaelblein (their daughter) assisting her in anyway to get the case dismissed out of New Hampshire and moved to Massachusetts for a more favorable

child support/ custody order, <u>so they are just as liable as Eric Stephanie and Amanda Kaelblein.</u>

In Derry Family Court on November 15, 2022, there in the Courtroom supporting Amanda Kaelblein, telling Amanda's Attorney that Amanda Kaelblein and V.S. never lived in New Hampshire, they resided at Michael and Nancys home in Melrose, Ma.

Telling Attorney Weber the plaintiff never had a relationship with V.S.( remember in Massachusetts Transcripts filing #19 Exhibit 3 Amanda states we lived together 5 years twice recently separating.)

There is no misrepresentation by these individuals, they clearly supported Amanda Kaelblein Agenda, which makes them just as liable as Eric Stephaine. <u>United States V. Kotteakos, 328 U.S. 750 (1946)</u> "this case involves multiple individuals who participated in a fraudulent loan scheme, each working independently"

<u>Blumenthal V. United States, 332 U.S. 539 (1947), United States V. Bruno, 105 F.2d 921 (2d Cir. 1939) ,United States V. Banks, 464 F.3d 184 (2d Cir. 2006), United States V. Anderson, 651 F.2d 375 (5th Cir. 1981)</u>

The plaintiff has Attorney Kristen Weber on his witness list not only to question her on what Michael Kaelblein and Nancy Kaelblein told her, but

8

also to see who payed her.( which was Michael Kaelblein)

Michael Kaelblein stated to the plaintiff " your daughter V.S. gives you purpose in life, without her you have no purpose. If you leave my daughter (Amanda Kae;blein) i'll have to deal with her, if that happens you will never see V.S. again. Michael Kaelblein funded the Amand Kaelblein Agenda to Maneuver through the courts, by manipulation, and misleading them and most importantly keeping V.S. away from the plaintiff.

The plaintiff has at least 50 text messages proving Amanda Kaelblein , and V.S. never lived there and lived in New Hampshire.

This Court has jurisdiction over this case unlike the defendant's lawyer claims, the federal Court may make recommendations about custody to the lower State Probate Court if it sees fit and if a change of custody <u>is in the best interest of the child.</u>

The plaintiff requested to amend his complaint, and ask for the proper relief.

## 2. THE COURT HAS ALL JURISDICTION OVER THE DEFENDANTS

This complaint is a Diversity of Citizenship complaint <u>28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs</u>

9

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties

The plaintiff lives in New Hampshire, the two defendants live in Massachusetts this is a Diversity of Citizenship. Mas V. Perry 489 F.2d 1396 (5th Cir. 1974) " A mississippi resident against a Louisiana resident"

### 3. THE DEFENDANTS WERE PROPERLY SERVED

10

When the plaintiff first filed he filed it " In forma pauperis" the service had not gone out yet when the plaintiff went back to work. The plaintiff paid the filing fee to gather all documents from the Court, and went to the Middlesex/ Suffolk Sheriff's office and paid for all parties to be served. The two defendants were served with all documents on April 23, 24 of 2024( the record reflects) Amanda Kaelblein was also served by the sheriffs office on April 24, 2024 at the same residents. Amanda in other pleadings in this complaint was proven to be served on March 14,2024 in Woburn Probate Court, so for these two defendants to claim they never saw the complaint is misleading.

**The other parties in this matter, legal professionals, did not argue improper service.**

If the two defendants' attorney wants, we can summon the service sheriff to testify as to what the parties were served

11

and the dates.

Ali V. Mid-Atlantic Settlement Services, Inc., 283, F.R.D.32 (D.D.C. 2006) " The defendants claimed improper service. The court found that the plaintiff had provided sufficient proof of service by the sheriff's department, including a sworn affidavit of service, and denied the defendants motion to dismiss."

## RELIEF REQUESTED

WHEREFORE, The defendants motion to be dismissed should be **denied**, the default judgment should remain.

Date 6/22/24

Respectfully Submitted,

_/s/ M. ef_

Michael Sean Speight
100 Main St #106
Pembroke, NH 03275

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.

Civil No. 1:24-cv-00055
Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

## OBJECTION TO MOTION TO DISMISS AGAINST MICHAEL KAELBLEIN AND NANCY KAELBLEIN

The defendants motion to dismiss should not be granted for the following reasons;

1. The Court can hear a domestic relations case if there is a clear Constitutional Violation. Amanda Kaelblein and Eric Stephanie worked IN CONCERT, Eric Stephanie a Department of Revenue lawyer for Massachusetts, acting Under The Color of The Law. Which Ties Amanda Kaelblein into Constitutional Violation.



2. Michael Kaelblein and Nancy Kaelblein worked IN CONCERT with Amanda Kaelblein. Even though Michael Kaelblein and Nancy Kaelblein don't know Eric Stephanie ALL DEFENDANTS HAD THE SAME GOAL , TO HAVE THE CASE MOVED TO MASSACHUSETTS FOR A MORE FAVORABLE CUSTODY ORDER, A 5 YEAR LONGER CHILD SUPPORT ORDER, AND TO ALIENATE V.S. FROM THE PLAINTIFF.
3. Defendants were served properly
4. This Court has all jurisdiction over this case.
5. Plaintiff has and will prove his claim is facts and has evidence to support it where relief should be granted.

WHEREFORE, the plaintiff requests this Court to deny the defendant's motion to dismiss, and not set aside the Default Judgment on them.

Date 6/22/24

Respectfully Submitted,

Michael Sean Speight
100 Main St #106
Pembroke, NH 03275