UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.

Civil No. <u>1:24-cv-00055</u>
Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

## SUPPLEMENT MOTION TO OBJECTION MOTION TO DISMISS FOR ERIC STEPHANIE

Now comes the plaintiff, supplementing the objection motion to dismiss as per ordered on June 11, 2024 by this Court.

The plaintiff will be arguing further

1. Why <u>Rooker-Feldman</u> does not apply to this case.

CamScanner

2. Eric Stephaine does not qualify for immunity , Eric Stephaine may be held liable in his individual capacity and official capacity .How " joint-action" ties Eric Stephanie and Amanda Kaelblein together .

3. The plaintiff should survive this motion to dismiss

WHEREFORE, the defendant motion to dismiss should be denied, or which partially denied and the defendant should be held liable in both capacities and if needed any direction from the court on amending plaintiff complaint for proper relief.

Date 7/7/24

Respectfully Submitted,

Michael Sean Speight
100 Main St #106
Pembroke, NH 03275

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.                                                       Civil No. <u>1:24-cv-00055</u>
                                                         Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

# MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENT MOTION OF OBJECTION TO MOTION TO DISMISS FOR ERIC STEPHANIE.

## INTRODUCTION

The plaintiff now will further prove why the defendant motion to dismiss should be denied.

George Phelan on November 3, 2022, instructed Eric Stephaine, DOR lawyer, to place a 4D in the computer of the department of revenue. He

1



also instructed Stephaine to get him a copy of the parenting petition the plaintiff filed on June 6,2022 from Derry Family Court in New Hampshire. An everyday function that Eric Stephaine performs on a daily basis.

So for Eric Stephanie to place a child support order on his own, without the judges approval, he was well aware he was violating the plaintiffs constitutional rights.

## STATEMENT OF FACTS

The Defendant Eric stephanie worked "in-concert" with the defendant Amanda Kaelblein to acquire a child support order in Massachusetts, even after her motion to Dismiss and have moved to Massachusetts was denied. This is where Eric Stephanie works as an attorney for the Department Of Revenue.

New Hampshire was constantly exercising jurisdiction.Eric Stephaine knew this because of his conversation with plaintiff's former attorney Michael Ryan ( on Witness list) .

Judge George Phelan on November 3, 2022 , with Amanda Kaelblein, Eric Stephaine, and the plaintiff were in a hearing by phone for a Massachusetts child support hearing. Where Amanda Kaelblein and Eric Stephanie

2

mislead George Phelan through the hearing.

In this hearing Amanda Kaelblein states plaintiff and her recently separated after 5 years.

Thus, meaning Amanda Kaelblein, V.S. and the plaintiff resided at 153 North Shore Rd, Derry, New Hampshire for a year.

Amanda Kaelblein also states she came to Massachusetts May 28,2022. this hearing was on November 3, 2022. V.S. was only in Massachusetts for 5 months. Eric Stephanie knew this also.

Judge George Phelan refrained from placing a child support order in place, after the plaintiff repeatedly told the Court he had an ongoing custody/child support case going on in New Hampshire, even reading the parenting petition off to the Court.

Plaintiff was to continue to pay Amanda Kaelblein with no DOR involvement in his life a 4D, till Judge George Phelan received the parenting petition that he requested Eric Stephanie to acquire. (plaintiff sent to Eric Stephanie through email, and Phelan never received them).

Eric Stephanie placed a full child support order in, without the judge's direction, stepping out of his state actor role into an individual capacity.

3

If an order was put in place it needed a judge's signature, unless Eric Stephaine signed the order himself.

The Derry family Court believed Massachusetts picked up jurisdiction because of the child support order and dismissed the plaintiff's parenting petition **Which was up for parenting time scheduled on November 15,2022.** Prolonging the plaintiff from seeing V.S. which was caused by the defendant's action.

## ARGUMENT

1. **THE DEFENDANT SITE ROOKER-FELDMAN, THIS DOCTRINE DOES NOT APPLY TO THIS CASE.**

    The plaintiff complaint should proceed, this complaint is not about the state Courts judgment, rather the actions by the defendants. The plaintiff is not receiving injuries for paying child support, it's the plaintiff's responsibility to pay for his child. <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280(2005)</u> "The Supreme Court clarified that the Rooker-Feldman doctrine is a narrow rule confined to cases brought by state -court losers complaining of injuries caused by state court judgments. The Court held that the doctrine did not

4

apply because Exxonmoble was not seeking to overturn the state court judgment"

The plaintiff is addressing Constitutional Violations, separate from the state courts Judgement. Hoblock v. Albany County Board of Elections, 487 F. Supp. 2d 90 (N.D.N.Y. 2006) "Voters who were disenfranchised by a state court's decision challenged the constitutionality of the New York State Board of Elections action in federal court. The defendants argued that the Rooker-Feldman doctrine barred from federal suit.

" The second Circuit Court of Appeals held that the Rooker-Feldman doctrine did not apply because the plaintiffs were challenging the actions of the Board of Elections, not the state courts judgment itself. The court distinguished between injuries caused by the state court judgment and those caused by the defendants actions. "

The actions of these defendants Violated the plaintiffs Constitutional rights under the color of the law, and the plaintiff is in no way challenging the state Courts decision.

Also see McCormick v. Braveman, 451 F.3d 382 U.S. Court of

5

Appeals — Sixth Circuit (2005) " after a state court ruled against him in a property dispute, McCormick filed a federal lawsuit alleging various constitutional violations by the defendants, including due process violations.

The Sixth Circuit Court of Appeals held that the Rooker-Feldman doctrine did not bar the federal claims because McCormick was alleging injuries caused by the defendants actions, not by the state court judgment. The court allowed the federal case to proceed, emphasizing that Rooker-Feldman is not a broad bar to all federal claims related to state courts litigation."

This is why the Rooker-Feldman doctrine is moot in this case.

2. **Eric Stephaine does not qualify for immunity. Eric Stephaine may be held liable in their individual capacity .**

The plaintiff's constitutional rights were violated when Eric Stephanie placed that child support order in.

<u>Due Process Of 5th and 14th Amendments, Equal Protection 14th Amendment, Full Faith and Credit Clause (Article IV, Section I), Right to legal Counsel 6th Amendment, Right to a Fair trial 6th Amendment,</u>

6

Under 18 U.S. Code 242 the color of the law, and 42 U.S.C. Section 1983

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia

Eric Stephaine during an everyday function he performs, and as a trained professional lawyer knew that he would be violationing the plaintiffs constitutional rights.Though he did it anyways, to get the case dismissed out of Derry Family Court, New Hampshire.

See Monroe v. Pape 365 U.S. 167 (1961), "This landmark case established that individuals could sue state actors under Section 1983 for constitutional rights violations, even if the state actors were not following official state policy."

In Harlow v. Fitzgerald 457 U.S. 800 (1982) "This case defined the doctrine of qualified immunity, which shields government officials from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights. That a reasonable person would have known."

Which Eric Stephanie did by placing a full child support order without George Phelan instruction to do so. Again his everyday function is to follow the judges instruction, when he violated the plaintiffs constitutional rights he was clearly aware.

8

<u>Zinermon v. Burch</u> 494 U.S. 113 (1990) "The Court concludes that an allegation of state actors' wanton, unauthorized departure from a State's established policies and procedures, working a deprivation of liberty, suffices to support a procedural due process claim even though the State provides adequate post deprivation remedies for that deprivation."

Eric Stephanie worked in "joint action" " in concert" with Amanda Kaelblein to mislead George Phelan, and when he would not order a child support order Eric Stephaine placed one in anyways. Amanda Kaelblein, another defendant in this complaint has not answered her complaint and is going into default judgment, both her and Eric stephaine worked together to deceive Judge George Phelan on November 3, 2022 hearing a prosecutor might call this type of misleading perjury.

3. **THE PLAINTIFF'S COMPLAINT SHOULD SURVIVE A MOTION TO DISMISS.**

Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted."

9

Fed. R. Civ. P. 12(b)(6). The Rule 12(b)(6) test has been revised in recent years. In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. In Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," id. at 563. It continued: "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. In Ashcroft Opposition to Motion to Dismiss 1 Case 1:12-cv-01034-JEB-JRB-RLW Document 23 Filed 09/04/12 Page 1 of 8 v. Iqbal, 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss,

10

a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 1949 (citation omitted). Where a complaint is inadequate, leave to amend the complaint is common. See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America, No. 09-4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

The plaintiff proved in his objection to motion to dismiss filed on June 3, 2024 #19 in his exhibits that this defendant clearly violated his constitutional rights, the evidence speaks for itself.

When the plaintiff confronted Eric Stephanie he vacated the order that day, but the damage was already done.

## CONCLUSION

The plaintiff's constitutional rights were violated by this defendant who worked "in-concert" with Amanda Kaelblein, and Eric Stephanie loses all immunity and should be held responsible for his action as a state actor.

## RELIEF REQUESTED

WHEREFORE, The plaintiff requests that Eric Stephaine be held liable

11

in his professional capacity, and individual capacity.

Date 7/7/24

Respectfully Submitted,

_____
Michael Sean Speight
100 Main St #106
Pembroke, NH 03275

12

CS CamScanner

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

Michael Sean Speight

V.      Civil No. **1:24-cv-00055**
        Chief Judge Landya B. McCafferty

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
George Phelan(Professional, individual capacity)
Eric Stephanie(Professional, individual capacity)

**AFFIDAVIT IN SUPPORT OF SUPPLEMENT MOTION OF OBJECTION**

**TO DISMISS AGAINST ERIC STEPHANIE**

I swear under the pains and penalty of perjury that everything is true and correct to the best of my knowledge.

Date 7/7/24

Michael sean Speight
100 Main st.#106
Pembroke, NH 03275

State of New Hampshire, county of ___Merrimack___ The foregoing instrument was acknowledged before me on this ___7/7/2024___

_[signature]_

My commission expires ___9/21/2027___

MICHELLE A HAMILTON
Notary Public-New Hampshire
My Commission Expires
September 21, 2027

2