UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| MICHAEL SEAN SPEIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00055-LM-AJ |
| ) | |
| AMANDA KAELBLEIN, ) | |
| MICHAEL KAELBLEIN, ) | |
| NANCY KAELBLEIN, ) | |
| JUDGE GEORGE PHELAN, and ) | |
| ERIC STEPHAN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS MICHAEL KAELBLEIN AND NANCY KAELBLEIN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION REQUESTING COURT TO ALLOW PLAINTIFF TO AMEND COMPLAINT TO PROPER RELIEF IN INTEREST OF JUSTICE**

On June 17, 2024, Defendants Michael Kaelblein and Nancy Kaelblein (hereinafter, "Michael" and "Nancy") filed a lengthy Memorandum of Law in support of their Motion to Dismiss the Complaint against them. ECF No. 29. In that Memorandum, they detailed five different bases for dismissal of Plaintiff's Complaint, including lack of subject-matter jurisdiction, lack of personal jurisdiction, and lack of alleged facts sufficient to state a claim to relief that is plausible on its face. Plaintiff now proposes to amend his Complaint for the second time, but his proposed amendment fails to address any of these bases for dismissal. The requested amendment should therefore be denied as futile.

## **FACTUAL BANKGROUND**

Plaintiff's Complaint alleges that he is the father of a minor child with Amanda Kaelblein. He stated that Amanda Kaelblein "conspired with others to further her agenda which is ruining [Plaintiff's] relationship with his daughter…since May 28, 2022." Complaint (hereinafter, "Compl.") at ¶ 1. He claims that Amanda Kaelblein "inflected (*sic*) emotional and mental abuse on plaintiff," "conspired with [Defendant Eric Stephanie] to get an illegal child support order," "misrepresented the truth in Derry Family Court to get the plaintiffs' parenting petition dismissed," lived in Derry, New Hampshire for 356 days, and declined a restraining order she was offered but then received a harassment order. *Id.* at ¶¶ 2-5. He further claims that "Amanda Kaelblein, on May 28, 2022, left New Hampshire with a minor child and went to Massachusetts without permission from the plaintiff." *Id.* at ¶ 5.

In relation to his claims against Michael and Nancy, Plaintiff first states that Michael Kaelblein "on May 28, 2022, told the plaintiff if he split up with his daughter, he would never see his child again, causing emotional and mental anguish." *Id.* at ¶ 7. He further alleges that Michael Kaelblein "conspired and funded Amanda Kaelbleins campaign causing emotional and mental abuse on plaintiff/child." *Id.* at ¶ 8. Plaintiff alleges that Nancy Kaelblein "misrepresented the truth in Derry Family Court on November 15, 2022, supporting her Daughters campaign" and "conspired with Michael Kaelblein, and Amanda Kaelblein to alienate the father from his child." *Id.* at ¶¶ 9-10.

Plaintiff later sought, and was granted leave, to amend his Complaint to clarify that Eric Stephanie and the Hon. George Phelan are being sued in both their personal and professional capacities.

Plaintiff now seeks to make the following amendments to his First Amended Complaint:

|  | **First Amended Complaint** | **Proposed Second Amendment** |
|---|---|---|
| Cause of Action | • Emotional/ mental abuse from parental alienation | • Intentional infliction of emotional distress |
| Relief against Amanda | • $100,000<br>• Parenting Classes<br>• Intense therapy<br>• Potential loss of parental rights | • $100,000<br>• Recommendation on parenting to MA Probate Court |
| Relief against Michael | • $100,000<br>• Plaintiff's legal fees/missed work in custody dispute | • $75,000<br>• Apology letter to Plaintiff |
| Relief against Nancy | • $100,000<br>• Apology letter to Plaintiff | • $75,000<br>• Apology letter to Plaintiff |

## LEGAL STANDARD

While New Hampshire courts allow liberal amendment of pleadings, the New Hampshire Supreme Court has made clear that a court need not allow an amendment that does not cure the defect in the Complaint. *Sanguedolce v. Wolfe*, 164 N.H. 644, 648 (2013) ("An amendment may also be denied if it would not cure the defect in the writ.").

## ARGUMENT

1. Plaitniff's proposed amendments do not address the deficiencies in Plaintiff's Complaint identified in Michael and Nancy's Motion to Dismiss, and his request to again amend his Complaint should therefore be denied as futile.

2. *First*, and most fundamentally, this Court does not have subject-matter jurisdiction to address what is at its core a domestic relations matter. *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir. 1981); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

3. Even in Plaintiff's proposed amendment, he is specifically requesting that this Court make a recommendation to a Massachusetts state court with jurisdiction over the ongoing custody dispute between Plaintiff and Amanda Kaelblein. That has the potential of putting this Court in direct conflict with a state court.

4. Furthermore, the changes made to his claims for relief against Michael and Nancy still rest entirely on the proper custody of Plaintiff and Amanda Kaelblein's minor daughter. He alleges that they "conspired" with their daughter in her wrongful actions. But Amanda Kaelblein's actions are only wrongful, if at all, if she exercised parenting time that should have been Plaintiff's parenting time. Therefore, if this Court were to make a decision that Michael and Nancy committed a tort based on the facts alleged, it would necessarily be based on a finding that Amanda Kaelblein was improperly exercising parenting time to the exclusion of Plaintiff. That ruling could again place this Court in conflict with the decision of a state court deciding the ultimate issue of parenting time in the ongoing custody dispute between Plaintiff and Amanda Kaelblein.

5. **Second,** Plaintiff added no allegations to rectify the absence in his Complaint of any details as to how Michael and Nancy allegedly conspired with Amanda Kaelblein. As explained in detail in Michael and Nancy's Motion to Dismiss, Plaintiff failed to provide essentially any details as to how Michael and Nancy conspired with their daughter other than simply existing as parents to an adult child going through a custody dispute. ECF No. 29 at pp. 10-11.

6. By now seeking to rely on the tort of intentional infliction of emotional distress, Plaintiff must also allege that Michael and Nancy engaged in "extreme and outrageous conduct" that "intentionally or recklessly caused severe emotional distress to" him. *Tessier v. Rockefeller*,

162 N.H. 324, 341 (2011).  Plaintiff's amendment adds no additional facts to support this claim.  He provided no facts to support any alleged intent, nor did he provide any facts supporting the necessary "extreme and outrageous conduct" by Michael and Nancy.  His amendment, therefore, does not present a plausible theory of intentional infliction of emotional distress committed by Michael and Nancy.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7.     ***Third***, Plaintiff's proposed amendments do nothing at all to address the lack of personal jurisdiction over Defendants Michael and Nancy resulting from insufficient process, insufficient service of process, and their status as Massachusetts residents without any basis to satisfy the requirements of New Hampshire's long-arm statute.  *See* ECF No. 29 at pp. 6-9.

## CONCLUSION

Plaintiff's Complaint against Michael and Nancy should be dismissed because this Court lacks subject-matter jurisdiction over what is fundamentally a domestic relations dispute, lacks personal jurisdiction over Michael and Nancy, and because Plaintiff has failed to allege sufficient facts to present a plausible claim for relief.  Plaintiff's proposed amendments do nothing to address those deficiencies and his request to amend his Complaint should be denied as futile.

                                                       Respectfully submitted,
                                                        Michael Kaelblein and Nancy Kaelblein
                                                        By their Attorneys
                                                        Welts, White & Fontaine, P.C.

Date:  07/08/24                                    By:  /s/ Nicole Fontaine Dooley
                                                                 Nicole Fontaine Dooley, Esq.
                                                                 NH Bar No. 266186
                                                                 29 Factory St./P.O. Box 507
                                                                 Nashua, NH 03061-0507
                                                                 (603) 883-0797
                                                                 nfontainedooley@lawyersnh.com

CERTIFICATE OF SERVICE

    I, Nicole Fontaine Dooley, hereby certify that on July 8, 2024, this document was filed through the ECF system and sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and by first class mail to non-registered participants.

                                            /s/ Nicole Fontaine Dooley
                                            Nicole Fontaine Dooley