UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ ) | | |
| MICHAEL SEAN SPEIGHT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-12363-PBS |
| | ) | |
| AMANDA KAELBLEIN, | ) | |
| MICHAEL KAELBLEIN, | ) | |
| NANCY KAELBLEIN, | ) | |
| ERIC STEPHANIE, | ) | |
| | ) | |
| Defendants | ) | |
| _____ ) | | |

**DEFENDANTS MICHAEL KAELBLEIN AND NANCY KAELBLEINS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO DISMISS 1983 CIVIL RIGHTS COMPLAINT</u>**

Plaintiff's Complaint asserts claims for damages against Michael and Nancy Kaelblein (hereinafter, "Michael" and "Nancy) for an unspecified, alleged conspiracy that has caused him "emotional distress, loss of parenting time, financial losses, and reputational harm."  These claims should be dismissed for two reasons.  First, the Court lacks subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), over the domestic relations aspects of Plaintiff's claims and should decline to exercise subject-matter jurisdiction over the remainder, which are closely, and inextricably, related to a domestic relations matter.  Second, Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Federal Procedure 12(b)(6), as he has put forth only threadbare and conclusory claims that do not suffice under *Twombly* and its progeny.

## RELEVANT FACTS ALLEGED

Plaintiff alleges that he is the father of a minor child with Amanda Kaelblein.  Complaint ECF No. 66-1 (hereinafter, "Compl.") at ¶ 2(A).  He states that, on May 28, 2022, Amanda Kaelblein "took the minor child out of New Hampshire to Massachusetts after a failed relationship with the plaintiff, without his consent."  *Id.* at ¶ 2(B).  He notes that he filed a parenting petition in a New Hampshire family court just eight days later on June 6, 2022.  *Id.* at ¶ 2(C).

A hearing was then allegedly held by "Massachusetts DOR lawyer Eric Stephanie" related to child support.  *Id.* at ¶ 2(D).  At the hearing, Judge Phelan allegedly required no child support order to issue until after he reviewed the parenting petition filed in New Hampshire.  *Id.*  Attorney Stephanie allegedly issued a child support order following that hearing.  *Id.*  Plaintiff alleges that Amanda Kaelblein and Eric Stephanie conspired to get a child support order in Massachusetts that was not legally authorized.  *Id.* at ¶ 2(H).  He also alleges that Michael Kaelblein and Nancy Kaelblein supported the conspiracy to get a Massachusetts child support order "by providing false statements to the courts."  *Id.*  Plaintiff claims that he "confronted Eric Stephanie through emails regarding the improper child support order" and Attorney Stephanie "admitted it was not the judges intention and vacated it."  *Id.* at ¶ 2(F).

Plaintiff next claims that, at a hearing in the New Hampshire Family Court, Amanda Kaelblein "made false statements," and his New Hampshire parenting petition was dismissed.  *Id.* at ¶ 2(E).  Plaintiff further alleges that "Amanda Kaelblein, and her parents Michael Kaelblein, and Nancy Kaelblein, worked together to keep the Plaintiff from V.S."  *Id.* at ¶ 2(G).  He further claims that "Amanda Kaelblein gave inconsistent statements in New Hampshire Family Courts, and Massachusetts Courts, further supported by her parents."  *Id.*  He goes on to allege that "[a]s recently as August 2024, all three of these defendants gave false and misleading

2

statements to a Massachusetts Probate Court Clinician Jennifer Westbrook, who investigated the Plaintiff and found no basis to any of the defendants claims." *Id.* Plaintiff claims "[t]hese actions were done to manipulate the court process and keep V.S. away from Plaintiff." *Id.* He alleges that Amanda Kaelblein falsely stated "she only lived in Nh (*sic*) for a couple of months," but that she actually lived with Plaintiff and the minor child for five years. *Id.* He also alleges that Michael Kaelblein and Nancy Kaelblein, along with their daughter, have "directly impacted the Plaintiff's parental rights by contributing to the ongoing withholding of V.S." *Id.* at ¶ 2(I).

## LEGAL STANDARD

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the party asserting federal jurisdiction has the burden of demonstrating its existence. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Dismissal is appropriate only when the facts alleged in the complaint, taken as true and given all reasonable inferences, do not support a finding of federal subject matter jurisdiction. *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009). A challenge to the court's subject matter jurisdiction must be addressed before addressing the merits of a case. *See Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013) (*citing Donahue v. City of Boston*, 304 F.3d 110, 117 (1st Cir. 2002).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." *SEC v. Tambone*, 597 F.3d 436, 441 (1st Cir. 2010). The complaint must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation omitted) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must construe pleadings of a *pro se*

Plaintiff liberally. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted). *Pro se* status, however, "does not insulate a party from complying with procedural and substantive law." *Id.* at 890.

## ARGUMENT

### I.   The Court Should Decline To Exercise Jurisdiction Because The Claims Are Too Closely Related to Domestic Relations Matter

Plaintiff offers no basis for federal jurisdiction over what amounts to a domestic relations dispute between himself and Amanda Kaelblein, and the claims should be dismissed for want of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

It is axiomatic that domestic relations are excepted from federal court jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (reaffirming the domestic relations exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees.").  The First Circuit has also held that, although the domestic relations exception "has been narrowly confined, we, and other courts of appeals, have held that federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception."  *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir. 1981).

As an initial matter, Plaintiff specifically requests that this Court issue orders affecting child custody matters, including a declaratory judgment that "Defendants actions violated the Plaintiff's Constitutional Rights under the Fourteenth Amendment," which (although unclear) presumably relates to his parenting rights.  He also requests that Michael and Nancy Kaelblein pay him $100,000, for "emotional pain and suffering caused by alienation and manipulation" and punitive damages "for their willful malicious and reckless disregard from the plaintiff's Constitutional rights," which is essentially a request for sanctions and/or costs and fees resulting from the custody matter.  *Id* at p. 8.  Those claims fall directly within the domestic relations

exception to federal jurisdiction as articulated in *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), and are therefore outside of this Court's federal jurisdiction and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Furthermore, Plaintiff's Complaint makes abundantly clear that there is an ongoing custody and child support dispute between himself and Amanda Kaelblein that is determinative of his claims for relief in this matter.  Indeed, he bemoans the statements made before the Derry Family Division, which he acknowledges ultimately resulted in the dismissal of his New Hampshire parenting petition.  Compl. at ¶ 2(E).  And he acknowledges the ongoing investigation of "Clinician Jennifer Westbrook" in relation to the Massachusetts parenting matter. *Id.* at ¶ 2(G).   Whether any child support order was "illegal," and whether Michael and Nancy Kaelblein are conspiring in any purportedly wrongful withholding of the child, hinge entirely on the state court's determination as to the proper custody and support of the minor child.

The facts of this case closely resemble those addressed by the First Circuit in *Sutter v. Pitts*, where the Court affirmed the District Court's decision to abstain from exercising jurisdiction.  639 F.2d 842, 845 (1st Cir. 1981).  In that case, the plaintiff mother filed a diversity jurisdiction suit against her former husband and her child's father. *Id.* at 842.  Following a long custody battle in Alabama, the father moved with the child to Massachusetts. *Id.* at 843.  The mother sought a custody order in Massachusetts, and Massachusetts granted her visitation with the child and ordered father not to remove the child from Massachusetts. *Id.*  Father did, however, remove the child from Massachusetts and had refused to obey any further orders of the Massachusetts courts. *Id.*  The mother brought suit in federal court, claiming that the father had violated her constitutionally protected parental rights and due process. *Id.* at 844.  The mother sought both equitable relief as well as compensatory and punitive damages. *Id.*  In affirming the

district court's decision to abstain from adjudicating the complaint, the First Circuit noted that the claim, although "clothed…in the garb of a civil rights action," "boiled down to a demand for custody of the child," and that intervention by a federal court would result in "an obvious likelihood of incompatible state and federal decrees about an issue that is subject to the continuing jurisdiction of the state courts." *Id.* at 844.

The same reasoning that justified the *Sutter* court's abstention applies to this case. Quite simply, Plaintiff's claims against Michael and Nancy Kaelblein are the latest maneuver in his custody dispute with Amanda Kaelblein "clothed in the garb" of a civil rights claim. This Court should therefore abstain from adjudicating the dispute, just as the trial court did in *Sutter*, as it is entirely dependent on the underlying domestic relations matters between Plaintiff and Amanda Kaelblein, and there is therefore too great of a risk of conflicting federal and state court orders.

## II.  The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted

Plaintiff's allegations against Michael and Nancy are precisely the type of "threadbare" allegations and "naked assertions" that *Twombly* and its progeny held insufficient and should be dismissed.

To survive a motion to dismiss pursuant to Federal Rule of Federal Procedure 12(b)(6), a plaintiff must, pursuant to the pleading requirements of Rule 8(a), allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Peterboro Tool Co. v. People's United Bank*, 848 F. Supp. 2d 164, 167 (D.N.H. 2012) (applying *Twombly* standard to case filed pursuant to District Court's diversity jurisdiction). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although well-leaded facts are to be

6

accepted as true, "threadbare recitals of a cause of action's elements" and "mere conclusory statements" are not to be given the same deference. *Id.* Courts are not required to accept as true a claim of "conspiracy" where they are not made in conjunction with a more specific allegation. *See Twombly*, 550 U.S. at 557. Furthermore, in relation to § 1983 claims specifically, the First Circuit has long held that "the complaint [must] state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy," and that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1977).

In relation to Michael and Nancy Kaelblein, Plaintiff only recites one claim against them: Conspiracy to Violate Civil Rights (42 U.S.C. 1983). Compl. at ¶ 3(B). Within that claim, he recites only legal conclusions, which are facially insufficient under *Iqbal* and *Twombly*. He first states the legal conclusion that "Amanda Kaelblein, Michael Kaelblein, and Nancy Kaelblein, acting in "Concert" with Eric Stephanie, conspired to deprive Plaintiff of his constitutional rights." *Id.* He goes on to state that another legal conclusion that an unspecified "they" "actively participated in violating the Plaintiff's rights to equal protection, and due process under the Fourteenth Amendment" by "proving false statements and supporting the issuance of an illegal child support order." *Id.* Such threadbare recitations of a cause of action are insufficient to meet the pleading standard.

But even reading in the other facts alleged in the Complaint, which are not incorporated into Count II, Plaintiff has failed to sufficiently plead a § 1983 claim against Michael and Nancy Kaelblein. The factual allegations against Michael and Nancy Kaelblein are limited and vague. Plaintiff alleges that Michael Kaelblein and Nancy Kaelblein supported the conspiracy to get a

Massachusetts child support order "by providing false statements to the courts."  *Id.* at ¶ 2(H).
Plaintiff next claims that "Amanda Kaelblein, and her parents Michael Kaelblein, and Nancy
Kaelblein, worked together to keep the Plaintiff from V.S."  *Id.* at ¶ 2(G).  He further claims that
"Amanda Kaelblein gave inconsistent statements in New Hampshire Family Courts, and
Massachusetts Courts, further supported by her parents."  *Id.*  He goes on to allege that "[a]s
recently as August 2024, all three of these defendants gave false and misleading statements to a
Massachusetts Probate Court Clinician Jennifer Westbrook, who investigated the Plaintiff and
found no basis to any of the defendants claims."  *Id.*  Plaintiff claims "[t]hese actions were done
to manipulate the court process and keep V.S. away from Plaintiff."  *Id.*  He also alleges that
Michael Kaelblein and Nancy Kaelblein, along with their daughter, have "directly impacted the
Plaintiff's parental rights by contributing to the ongoing withholding of V.S."  *Id.* at ¶ 2(I).

There are no facts at all to support these general, conclusory statements.  It is not clear
how they allegedly conspired with Attorney Eric Stephanie, who is the only state official named
as a Defendant.  Nor is it clear when they allegedly conspired or what was allegedly
misrepresented by Michael or Nancy Kaelblein as part of the conspiracy.  Indeed, it is not
evident from the Complaint that Michael and Nancy did anything other than exist as parents to
an adult child going through a custody dispute with an ex-partner and testify in her support at
various, properly held hearings and in the course of a child custody evaluation.

The Complaint therefore fails to provide both the required "plausible" theory of any
claim, as well as and the specific facts demonstrating the existence and scope of the alleged
conspiracy sufficient to sustain a § 1983 claim, and should be dismissed pursuant to Federal Rule
of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs claims against Michael and Nancy Kaelblein should be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

Respectfully submitted,
Michael Kaelblein and Nancy Kaelblein
By their Attorneys
Welts, White & Fontaine, P.C.

Date:   11/6/2024          By:   */s/ Nicole Fontaine Dooley*
Nicole Fontaine Dooley, Esq.
NH Bar No. 266186
29 Factory St./P.O. Box 507
Nashua, NH 03061-0507
(603) 883-0797
nfontainedooley@lawyersnh.com

## CERTIFICATE OF SERVICE

I, Nicole Fontaine Dooley, hereby certify that on November 6, 2024, this document was filed through the ECF system and sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and by first class mail to non-registered participants.

*/s/ Nicole Fontaine Dooley*
Nicole Fontaine Dooley