# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

Michael Sean Speight

V.

Civil No. **1:24-cv-12363**
Chief Judge Patti B. Saris

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
Eric Stephanie(Professional, individual capacity)

# MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION

# TO DISMISS FILED BY MICHAEL KAELBLEIN AND NANCY

## KAELBLEIN

Now comes, the Plaintiff stating the Federal Court is the appropriate venue

for this Section 1983 case because it addresses significant civil rights

violations under federal law.

The case involves allegations that state actors overstepping their authority,

(with private individuals ) infringing on the Plaintiff's constitutional rights to

due process and equal protection in a custody dispute, which after violated

the Plaintiff's parental rights due to the first

1.

action also.

Section 1983 provides a federal remedy for such violations, making Federal Court the proper venue to ensure an impartial and thorough review. Additionally, the case centers on alleged misuse of authority and procedural manipulation by state actors and others, which necessitates Federal oversight to uphold uniform standards of constitutional protections across states.

Federal Courts are equipped to hold state actors and private individuals accountable when they violate individual rights, especially in matters that may be impacted by local biases or inadequate remedies at the state level. By handling this case, the federal Court can ensure a fair and consistant application of due process standards, potentially setting an essential precedent for similar cases where state interference might threaten parental rights.

2.

## INTRODUCTION

Plaintiff, Michael Sean Speight, submits this objection to Defendant's Motion to Dismiss, addressing the federal court's jurisdiction under 42 U.S.C. 1983.

Federal court intervention in this case is imperative, as it addresses serious constitutional issues that surpass typical family law matters.

The actions of the state actor, along with the defendants including alleged collusion and jurisdiction manipulation to deny the Plaintiff of rights, present a pattern of misconduct implicating civil rights under 1983.

In *Mitchum v. Foster, 407 U.S. 225 (1972)*, "The Supreme Court emphasized that federal courts have an obligation to step in when state actions compromise federally protected rights."

Additionally, *Scheuer v. Rhodes, 416 U.S. 232 (1974)*, "highlights the necessity of federal oversight in cases where state actors may have acted outside their authority, causing harm to individuals' constitutional rights. " ( private  individuals, defendants included with state actors to infringe on those rights).

3

*Ankenbrandt v. Richards, 504 U.S.689 (1992)* "This case is not merely a custody dispute but a matter involving concerted actions by state and private actors to deny Plaintiff;s rights, which justifies federal jurisdiction." (also the minor child's rights V.S.)

Federal court oversight is critical to ensure impartiality and justice, as the state courts lack jurisdictional reach and objectivity to adequately address these federal concerns.

**Argument**

**1. Subject Matter Jurisdiction**

Defendants contend that this case should be dismissed due to its family law nature.

However, the federal courts retain jurisdiction over cases involving constitutional violations, even when there are domestic relations components. In *Ankenbrandt v. Richards, 504 U.S. 689 (1992)*, "the Supreme Court held that federal courts can hear cases resembling family law disputes if they involve violations of constitutional rights, as in this case under *42 U.S.C. 1983.*" Plaintiff's claim centers on due process and equal protection violations, warranting federal jurisdiction.

4

In *Johnson v. Rodrigues (Orozco), 226 F.3d 1103 (10th Cir.2000)*,
"The tenth Circuit found that federal jurisdiction was appropriate
under *42 U.S.C. 1983* due to alleged violations of federal rights in a
family law dispute involving child custody. The case involved a claim
that state actors had violated the plaintiff's civil rights in custody
proceedings". Also, *Malik v. Malik,636 F3d. 487 (8th Cir. 2011)*,
*Arnone v. Ca Department of Social Services, 31 F3d. 1104 (11th Cir.
1994)*

The Plaintiff is not challenging any part of the child support order
placed on January 17, 2023.

Though he is challenging the prior order placed on November 3,2022
and vacated on November 18, 2022 that was placed without judicial
approval and violated his due process and equal protection rights,
which set off a chain reaction that eventually violated his parental
rights in the process. So it has nothing to do with family law.

In *Boddie v. Connecticut, 401 U.S. 371 (1971),"* the court emphasized
that due process is essential in actions affecting family

5

relations, highlighting that state interference without procedural

safeguards infringe upon fundamental rights." *See also, Cleveland*

*Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)*, "emphasizes that

due process rights apply to actions taken by state actors, including

decisions affecting parental rights."

Plaintiff's claims do not hinge on child custody matters handled in

probate court, rather they center on violations of constitutional rights

that are distinct from custody determinations. Massachusetss law

supports Plaintiff's presumption of 50/50 custody. Thus, the federal

court has subject matter jurisdiction over this 1983 action.

## 2. Specificity of Claims

Defendants argue that the Plaintiff's amended complaint lacks

specific claims.

The Plaintiff in fact was specific in the Amended Complaint,that all

Defendants, including the DOR Lawyer "Eric stephaine , acted in a

shared objective of moving the child support case to Massachusetts

in order to prolong financial obligations and diminish his parental

rights.

This concerted effort by the defendants, in transferring jurisdiction,

6

exemplifies "State Shopping" aimed at securing a legal advantage
rather than upholding procedural fairness- a tactic inconsistent with
federal due process standards.

However, the specificity required by Federal Rules of Civil
Procedure do not preclude the use of prior complaints to provide
necessary context and detail.

Federal Rule of Civil Procedure 10(c) allows for incorporation by
reference, meaning that the amended complaint does not nullify or
erase the specific claims presented in the original complaint.

The Ninth Circuit, in *Tellabs,inc. V. Makar Issues & Rights, Ltd, 551
U.S. 308 (2007),* "emphasizes that the courts must review all
documents referenced or incorporated in pleadings, ensuring they
consider the full breadth of the Plaintiff's allegations."

In, *ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008),*
"The First Circuit held that when an amended complaint incorporates
certain allegations or is based on the same facts as the original
complaint, the court may refer back to the original complaint for
clarification."

Plaintiff's original complaint included specific allegations , these

7

allegations  remain relevant under the amended complaint. The
Defendant's assertion that the amendment neglected the original
claims is therefore without merit.

## 3. Misrepresentation of Court Clinician Jennifer Westbrook's Investigation

The defendants have misrepresented the status finding, and
implications of the completed investigation conducted by court
clinician Jennifer Westbrook, with clear intent of misleading the court
and undermining the plaintiff's credibility in these proceedings.
Specifically, the defendants have asserted that Ms. Westbrook's
investigation was ongoing, when in fact it was concluded in August
2024. ( as stated on Pg. 4 of amended complaint "Massachusetts
Probate Court Clinician Jennifer Westbrook, who investigated the
Plaintiff and found no basis to any of the defendants claims".
This misrepresentation is an attempt to create a false impression that
further adverse findings against the plaintiff may be forthcoming,
despite the investigation already reaching conclusions that did not
support any of the defendants claims.(Michael and

8

Nancy Kaelblein Continued the conspiracy as recently as August 2024, with Amanda Kaelblein ,supporting her agenda in this concluded report.)

*Hazel-Atlas Glass Co v  Hartford- Empire Co, 322 U.S. 238 (1944),* "the Supreme Court condemned deliberate fraud and misrepresentation before the court as grounds for serious sanctions, emphasizing that misrepresentation of  material facts undermines the very integrity of judicial proceedings."

The defendants here are not merely advocating for their own position; they are actively misleading the court to distort the truth and gain an unfair advantage in this motion to dismiss.

In,*Briscoe v. LaHue, 460 U.S. 325 (1983),*" the Court clarified that misrepresenting evidence to prejudice the legal process is grounds for liability, as it deprives the opposing party of a fair opportunity to argue their case."

Here, the defendants misrepresentations prevent the court from evaluating the actual conclusions of Ms. Westbrook's report, undermining the plaintiff's right to an impartial judgment.

In Chambers *v. NASCO,Inc., 501 U.S. 32 (1991),* "the Supreme

9

Court held that federal courts have inherent power to deny motions

and impose sanctions for fraud and abuse of process, including

misrepresentation. The court explained that bad-faith conduct,

including misrepresenting facts, could justify denial of motions,

sanctions. or other remedies to protect the integrity of judicial

proceedings."

Therefore, the defendants motion to dismiss should be denied just on

the misrepresentation  to the court.

## 4. Failure To State A Claim Upon Which Relief Can Be Granted

Defendants claim the plaintiff's allegations lack detail, but the

complaint includes enough facts.

In, Haines v. Kerner, 404 U.S. 519 (1972)," the Court emphasized

that claims should be reviewed for their substantive allegations, not

dismissed at an early stage without full consideration."

In, Conley v. Gibson, 355 U.S. 41 (1957), "the Court said that a case

should only be dismissed if there is no possible way the plaintiff could

prove their claim.

While Twombly and Iqbal refined this standard to require

"plausibility" the basic principle still applies if there's any reasonable

10

chance the plaintiff's claims could be true, dismissal is not appropriate."

The Court should take note Eric Stephanie and Amanda Kaelblein did not answer the amendment.

In *Scheuer v. Rhodes, 416 U.S. 232 (1974)*, "the Supreme Court held that if there is any set of facts that could justify the claim, then it should proceed."

In Monroe *v. Pape, 365 U.S. 167 91961)*, "the Supreme Court held that this law is meant to protect people from abuses of power by state actors. "

The complaint includes specific examples of actions by state actors and others working with them that directly affected the plaintiff's rights.

Furthermore, under *Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)*," a conspiracy claim under 1983 does not require that each defendant directly commit the constitutional violation; rather, it is enough if they knowingly participate in or contribute to the conspiracy that leads to the violation."

The Plaintiff can prove all allegations against every defendant, this

11

claim should be allowed to continue.

## 5. Conclusion

For the foregoing reasons the plaintiff respectfully requests that the

Court deny the defendants motion to Dismiss and allow Plaintiff's

1983 claims to proceed.

Date   11/14/24

Respectfully Submitted,

Michael Sean Speight
100 Main St. #106
Pembroke, NH 03275
Speight6317@gmail.com
(978) 684-2496

## CERTIFICATE OF SERVICE

I, Michael Sean Speight, hereby certify that on November 13, 2024,
this document was filed through the ECF system and was sent
electronically to the registered participants as identified on the notice
of electronic filing (NEF) and to Amanda Kaelblein's massachusetts
lawyer through email at ashaddox@blb-law.com

Michael Sean Speight

12