UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Michael Sean Speight

V.                                                          Civil No. **1:24-cv-12363**
                                                            Chief Judge Patti B. Saris

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
Eric Stephan(Professional, individual capacity)

## PLAINTIFF MOTION TO ASCENT TO ERIC STEPHANS , AND AMANDA KAELBLEIN EXTENDED TIME TO ANSWER , AND CLARIFICATION

1. The Plaintiff's Memorandum in Support of Motion to Amend Complaint, is the Amended Complaint. Two other Defendants already responded to the Memorandum.

2. Eric stephan, and Amanda Kaelblein may have extended time to answer, the Plaintiff assents to that.

3. Eric Stephan's assumption he has meritorious defense to the Plaintiff's Complaint is false .

4. Under Subject Matter Jurisdiction- Claims for violations of constitutional rights by state actors fall squarely under federal question jurisdiction.

Under 42 U.S.C 1983 he acted under the color of state law, any abuse or misuse of his authority is an action under 1983. A violation of due process, and equal protection under the 14th Amendment.

Rooker-Feldman Doctrine is inapplicable- this claim is a 1983, addresses independent constitutional violations, not validity of a state court judgment.

This case focuses on constitutional rights violation not family court matters.

5. Under 11 th Amendment Immunity- Ex Parte Young Doctrine, federal courts hear cases against state officials in their official capacities for prospective injunctive relief.

<u>Preventing state practice to continue this unlawful action- immunity is not applicable.</u>

Acting beyond his authority-Not a state entity- the suit targets him in his individual capacity, not the state.

The Plaintiff is wondering how many times the Massachusetts DOR uses this practice that violates individual rights to acquire more

revenue under title 4D which is federal funding. Ex Parte Young will give the Court authority to stop this state practice that infringes on people's rights.

6. Under Absolute Prosecutorial Immunity-Eric Stephan committed an administrative action, filing an illegal order without judicial approval, he can not claim prosecutorial immunity. Prosecutorial immunity protects state officials when performing quasi-judicial functions such as initiating or pursuing prosecutions. Issuing the unauthorized order was pure administrative misconduct- were administrative or ministerial, not prosecutorial.

7. Under Failure to State a Claim- Plausible allegations, the Plaintiff will submit the transcripts, the email where he acknowledged the order it was not the judges intention, and the vacated order. The claim is plausible on its face. It satisfies these standards by alleging specific actions.

WHEREFORE, the defendant's request for extended time to answer should be granted, Plaintiff looks forward to their Motion to Dismiss, and will supply all federal case law to support these arguments, or any other Eric Stephan wants to submit.

Date  11/17/24                    Respectfully Submitted,

*[signature]*

Michael Sean Speight
100 Main St. #106
Pembroke, NH 03275
Speight6317@gmail.com

## CERTIFICATE OF SERVICE

I, Michael Sean Speight, hereby certify that on November 16, 2024, this document was filed through the ECF system and was sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and to Amanda Kaelblein's massachusetts lawyer through email at ashaddox@blb-law.com, the Plaintiff also emailed Eric Stephans lawyer Eric Martignetti.

11/17/24                                   *[signature]*