UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SEAN SPEIGHT, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>AMANDA KAELBLEIN, )<br>MICHAEL KAELBLEIN, )<br>NANCY KAELBLEIN, )<br>ERIC STEPHANIE, )<br>)<br>Defendants )<br>) | Case No. 1:24-cv-12363-PBS |

**DEFENDANTS MICHAEL KAELBLEIN AND NANCY KAELBLEINS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR
REPLY TO PLAINTIFF'S OBJECTION TO
<u>MOTION TO DISMISS 1983 CIVIL RIGHTS COMPLAINT</u>**

Plaintiff's Objection to Defendants' Michael and Nancy Kaelblein's Motion to Dismiss presents three arguments that could not have been previously addressed in the Motion to Dismiss. First, he relies on case law from other Circuit Courts of Appeal to argue that this Court has subject-matter jurisdiction over the claims of the Amended Complaint, despite controlling First Circuit precedent to the contrary. *See* ECF No. 72-1 at 4-5. Second, he contends that his claims are sufficiently pleaded because his prior Complaint, which was not incorporated by reference in his Amended Complaint, provides additional factual allegations. *See id.* at 7-8, 10-11. Third, he contends that the entire Motion should be denied as a sanction because the Defendants purportedly misrepresented the status of a single court clinician's investigation in contending that the ongoing custody and child support proceedings in state court preclude this Court's exercise of jurisdiction over the claims. *See id.* at 8-9. These arguments all lack merit.

1

***First***, the case law relied upon by Plaintiff to contend that this case should not fall within the domestic relations exception to federal jurisdiction, or the corresponding abstention doctrine established in the First Circuit, is entirely from other Circuit Courts of Appeals. As described in detail in the Memorandum of Law in Support of the Motion to Dismiss, the First Circuit has broadened the application of the domestic relations exception to hold that, although the domestic relations exception "has been narrowly confined, we, and other courts of appeals, have held that federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception." *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir. 1981). As also detailed, the First Circuit in *Sutter* addressed a case with facts closely mirroring those in this matter, and ultimately decided the case should be dismissed as falling outside the subject-matter jurisdiction of the federal court. Whether or not other circuits have interpreted the domestic relations exception differently, particularly in cases with clearly distinguishable facts, should not be relied upon in deciding the Motion to Dismiss.

***Second***, without actually incorporating any prior pleading in his Amended Complaint, Plaintiff now seeks to rely on his prior Complaint to add to its "specificity." At a Status Conference held on October 4, 2024, this Court proposed denying all of Plaintiff's pending Motions, including multiple Motions to Amend his original Complaint in various ways, and required the Plaintiff to file a single, amended complaint. Plaintiff filed his Motion to Amend his Complaint on October 16, 2024, and included a Supporting Memorandum that had a new statement of the alleged facts, new claims, and a new prayer for relief. ECF No. 72-1. Plaintiff has since clearly stated, as Defendants Michael and Nancy Kaelblein understood, that the "Memorandum in Support of Motion to Amend Complaint, is the Amended Complaint." ECF No. 75 at 1. Defendants Michael and Nancy Kaelblein relied on and responded to that document

in drafting and filing a Motion to Dismiss. Plaintiff now seeks to, in essence, amend his Complaint again by arguing that the allegations from previous iterations of the Complaint should be read into the new Amended Complaint without any explicit incorporation by reference in the Amended Complaint itself. This would undermine the purpose of filing an Amended Complaint to clarify – for the Defendants and for the Court – what allegations and claims are operative in this case. It would also prejudice Defendants Michael and Nancy Kaelblein, who have already relied on the Amended Complaint, without any stated incorporation by reference, in briefing and filing a Motion to Dismiss.

*Third,* Plaintiff makes much of Defendants purported "misrepresentation" as to the status of a particular investigation of "Clinician Jennifer Westbrook." As this Court is well aware, at the Motion to Dismiss stage, the well-pleaded factual allegations in the Amended Complaint must be taken as true. In the October 16, 2024 Amended Complaint, Plaintiff alleged that statements were given just two months earlier in August 2024 to Ms. Westbrook, which fairly implied that the investigation was ongoing. Regardless, whether the investigation was ongoing was noted in an entire paragraph contending that the ongoing nature of the overall custody dispute between Plaintiff and Amanda Kaelblein are determinative of Plaintiff's claims for relief in this matter. There is no dispute that the custody proceedings are, in fact, ongoing. Whether or not Ms. Westbrook's particular investigation has very recently concluded is therefore irrelevant to Defendants' overall argument for dismissal. There is also absolutely no evidence to support Plaintiff's claims that this was an intentional misrepresentation justifying his demand for drastic sanctions for "fraud and abuse of process." His contention that the Motion to Dismiss should be denied solely on that basis should therefore also be denied.

For the foregoing reasons, as well as those detailed in Defendants' Motion to Dismiss and Memorandum of Law in Support thereof, Plaintiff's claims against Michael and Nancy Kaelblein should be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

>
> Respectfully submitted,
> Michael Kaelblein and Nancy Kaelblein
> By their Attorneys
> Welts, White & Fontaine, P.C.

Date: 11/21/2024    By: */s/ Nicole Fontaine Dooley*
>
> Nicole Fontaine Dooley, Esq.
> NH Bar No. 266186
> 29 Factory St./P.O. Box 507
> Nashua, NH 03061-0507
> (603) 883-0797
> nfontainedooley@lawyersnh.com

## **CERTIFICATE OF SERVICE**

I, Nicole Fontaine Dooley, hereby certify that on November 21, 2024, this document was filed through the ECF system and sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and by first class mail to non-registered participants.

>
> */s/ Nicole Fontaine Dooley*
> Nicole Fontaine Dooley