UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL SEAN SPEIGHT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| AMANDA KAELBLEIN, MICHAEL KAELBLEIN, NANCY KAELBLEIN, and ERIC STEPHAN[1], | ) ) ) ) ) ) | Case No. 1:24-cv-12363-PBS |
| Defendants. | ) ) | |

**DEFENDANT ERIC STEPHAN'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS**

*Pro se* Plaintiff Michael Sean Speight asserts claims under 42 U.S.C. § 1983 ("Section 1983") against Defendant Eric Stephan, an attorney for the Massachusetts Department of Revenue ("DOR"), arising out Attorney Stephan's alleged actions in a child support complaint filed against Speight in Massachusetts. All of the claims against Attorney Stephan in Speight's Amended Complaint[2] should be dismissed for several reasons. First, this Court lacks subject matter jurisdiction over all of Speight's claims because they are barred by either the *Rooker-Feldman* or *Younger* abstention doctrines. Second, this Court lacks subject matter jurisdiction over Speight's claims against Attorney Stephan in his official capacity because those claims are

---

[1] Misnamed in the caption as Eric Stephanie.

[2] On October 16, 2024, Speight filed three documents titled "Affidavit in Support of Motion to Amend Complaint," "Motion to Amend Complaint," and "Memorandum in Support of Motion to Amend Complaint." *See* Dkts. 66, 66-1. On November 17, 2024, Speight clarified that the document titled "Memorandum in Support of Motion to Amend Complaint," *see* Dkt. 66-1, is his Amended Complaint. *See* Dkt. 76.

1

barred by the Eleventh Amendment and because a State official is not a "person" for purposes of Section 1983.  Third, Speight's claims against Attorney Stephan in his individual capacity are barred by absolute prosecutorial immunity.  Fourth, Speight fails to state a claim against Attorney Stephan for any civil rights violations.

## FACTS ALLEGED

From June 11, 2021 to May 28, 2022, Speight and Defendant Amanda Kaelblein resided with their minor daughter in Derry, New Hampshire.  Am. Compl. ¶ 2(A.).  On May 28, 2022, Kaelblein allegedly took the minor daughter out of state to Massachusetts without Speight's consent.  *Id.*, ¶ 2(B).  On June 6, 2022, Speight filed a petition regarding child support and custody in Derry Family Court in New Hampshire.  *Id.*, ¶ 2(C.).

On November 3, 2022, Attorney Stephan attended a hearing before Judge George Phelan in the Middlesex Probate & Family Court, during which Judge Phelan allegedly stated that there would be no child support order put in place until he reviewed the petition Speight filed in Derry Family Court.  Am. Compl. ¶ 2(D.).  Thereafter, Speight alleges that Attorney Stephan "issued a child support order."  *Id.*  However, it was Judge Phelan, *not* Attorney Stephan, who issued a Temporary Order of Support dated November 3, 2022.  *See DOR on behalf of Kaelblein v. Speight*, Middlesex Probate & Family Court, Docket No. MI22W1174WD, Dkt. 11, attached hereto as Exhibit 1.[3]

On November 15, 2022, Speight's petition in Derry Family Court was dismissed due to allegedly false statements made by Kaelblein during a hearing.  Am. Compl., ¶ 2(E.).  On

---

[3] On a motion to dismiss, this Court may take "judicial notice of judicial decisions," such as the Temporary Order of Support, and "a judicial decision or opinion is also subject to consideration because it falls under the exception for matters of public record." *Lopes v. Riendeau*, 177 F. Supp. 3d 634, 667 & n.33 (D. Mass. 2016).

2

November 18, 2022, Attorney Stephan stated in an email to Speight that it was not Judge Phelan's intention to enter a Temporary Order. Am. Compl., ¶ 2(E.). On November 21, 2022, Attorney Stephan filed an ex-parte motion to vacate the Temporary Order. On November 30, 2022, Judge Phelan allowed that motion but only to clarify his order that weekly child support be paid directly from Speight to Kaelblein, rather than through the DOR. *See DOR on behalf of Kaelblein v. Speight*, Middlesex Probate & Family Court, Docket No. MI22W1174WD, Dkt. 12, attached hereto as Exhibit 2. Judge Phelan then entered an Amended Temporary Order of Support dated November 30, 2022. *Id.*, Dkt. 13, attached hereto as Exhibit 3.

Speight alleges that Attorney Stephan and Kaelblein "conspired to get a child support order in Massachusetts that was not legally authorized." Am. Compl., ¶ 2(H.). Speight also alleges that Attorney Stepan and Kaelblein interfered with his ability to parent his minor daughter "[b]y issuing an unauthorized child support order and manipulating the legal system." *Id.*, ¶ 2(I.). Speight alleges that Attorney Stephan violated his equal protection, due process, and fundamental parenting rights under the Fourteenth Amendment, and he asserts three claims under Section 1983 against Attorney Stephan. Am. Compl., Counts I-III.

**LEGAL STANDARD**

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant can challenge jurisdiction by challenging the complaint on its face. Such a facial attack accepts the plaintiff's "version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the court to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). In performing this task, the Court credits only the plaintiff's well-pleaded "factual allegations . . . draw[s] all reasonable inferences from them in [the plaintiff's] favor, and

3

dispose[s] of the challenge accordingly." *Id.*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts the "well-pleaded facts as true and indulge[s] all reasonable inferences in plaintiff's favor." *Borrás-Borrero v. Corporación del Fondo*, 958 F.3d 26, 33 (1st Cir. 2020). However, the plaintiff's allegations must constitute "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008). Conclusory or "threadbare" allegations, "naked assertion[s]" devoid of "further factual enhancement," speculation, "bald assertions, and unsupportable conclusions" should be disregarded. *Twombly*, 550 U.S. at 557; *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011).

## ARGUMENT

I. **All of Speight's claims against Attorney Stephan, whether in his official or individual capacity, are barred by either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine.**

All of Speight's claims against Attorney Stephan, whether in his official or individual capacity, are barred by either the *Rooker-Feldman* or *Younger* abstention doctrines because his claims necessarily would require this Court to determine that the orders issued by Judge Phelan were "not legally authorized." Am. Compl., ¶ 2(H.).

"The *Rooker-Feldman* doctrine . . . precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the assailant was a party." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003). It applies "where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an

4

injury caused by the state-court judgment and seeking review and rejection of that judgment." *Tyler v. Supr. Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (cleaned up).  Application of the doctrine "does not depend on what issues were actually litigated in the state court," *Miller v. Nichols*, 586 F.3d 53 (1st Cir. 2009) (cleaned up), whether the "federal action formally seeks to invalidate the state judgment," *Mandel*, 326 F.3d at 271, or whether the federal action seeks declaratory, injunctive, or monetary relief, *see Silva v. Massachusetts*, 351 F. App'x 450, 456 (1st Cir. 2009).  Rather, "it is enough if the federal action would in substance defeat or negate a state judgment" or "frustrate [a state-court] order."  *Mandel*, 326 F.3d at 271-272.

*Younger* abstention also applies to certain civil actions involving the enforcement of state court orders.  *See generally Younger v. Harris*, 401 U.S. 37, 46 (1971); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 12-14 (1987).  The *Younger* abstention doctrine bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge."  *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007).

More pointedly, in *Gray-Bey v. Mass. Dep't of Rev. Child Support Enforcement Div.*, 2021 WL 8323638 (D. Mass. 2021), this Court held that the *Rooker-Feldman* or *Younger* abstention doctrines barred the plaintiff's Section 1983 claims against the DOR based on its actions in seeking to enforce the plaintiff's child support obligation.  *Id.* at *1.  This Court held:

> Child support matters and issues surrounding the enforcement of child support, as alleged in the complaint, would be precluded under one or both of these doctrines.  If the state court proceedings are ongoing, this Court lacks subject matter jurisdiction under the *Younger* abstention doctrine.  If a final order has been entered in the state court proceeding, this federal court lacks subject matter jurisdiction over such claims under the *Rooker-Feldman* doctrine.

*Id.* at *4. As in *Gray-Bey*, here resolution of Speight's Section 1983 claims against Attorney Stephan would require this Court to "in substance defeat or negate," *Mandel*, 326 F.3d at 271, the Temporary Order and Amended Temporary Order issued by Judge Phelan as "not legally authorized," Am. Compl., ¶ 2(H). Accordingly, all of Speight's claims against Attorney Stephan are barred by either the *Rooker-Feldman* or *Younger* abstention doctrines.

**II.     Speight's claims against Attorney Stephan in his official capacity are also barred by the Eleventh Amendment and because State officials are not "persons" under Section 1983.**

Speight's claims against Attorney Stephan in his official capacity also fail because those claims are barred by the Eleventh Amendment and because a State official is not "person" under Section 1983.

The Eleventh Amendment prohibits suing a state or state agency in federal court "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Brait Builders Corp. v. Mass. Div. of Cap. Asset Mgmt.*, 644 F.3d 5, 11 (1st Cir. 2011). The only exceptions to that clear bar are cases where the state has consented to suit, has waived its immunity, or where Congress has unambiguously abrogated immunity. *Brait Builders*, 644 F.3d at 11. The Eleventh Amendment also bars claims against individuals named in their official capacity absent consent, waiver, or an unambiguous abrogation of immunity. *See Coggeshall v. Mass. Bd. of Reg. of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010). This is "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official . . . ." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.* The Commonwealth has not consented to suit or waived its sovereign immunity, and "there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment

6

immunity" as to Speight's Section 1983 claims. *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002). Accordingly, Speight's claims against Attorney Stephan in his official capacity are also barred by the Eleventh Amendment.

Further, Speight's claims against Attorney Stephan in his official capacity are also barred because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."[4] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, because Attorney Stephan in his official capacity is not a "person" under Section 1983, Speight's claims against him in his official capacity fail for that reason as well.

### III. Speight's claims against Attorney Stephan in his individual capacity are also barred by absolute prosecutorial immunity.

Speight's claims against Attorney Stephan in his individual capacity also fail because he is entitled to absolute prosecutorial immunity. "The baseline rule is that a state official who performs prosecutorial functions . . . is absolutely immune from damages actions." *Goldstein v. Galvin*, 719 F.3d 16, 26 (1st Cir. 2013), citing *Wang v. N.H. Bd. of Reg. in Med.*, 55 F.3d 698, 701 (1st Cir. 1995). "State officials and agency employees have been held to be absolutely immune for actions taken within a prosecutorial function in child welfare and support proceedings." *Wilson v. Brock*, 2002 WL 1676287 at *5 (D.N.H. 2002), citing *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986).

In this case, Speight's claims directly implicate the prosecutorial functions that Attorney Stephan performed in prosecuting the child support complaint against Speight. The DOR is the

---

[4] Section 1983 states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983 (emphasis added).

7

single state agency for the Commonwealth responsible for establishing, modifying, and enforcing child support orders pursuant to Title IV, Part D of the Social Security Act, 42 U.S.C. 651 *et seq.* *See* G.L. c. 119A, §§ 1-2. By statute, the DOR is authorized to use "judicial procedures" for the "establishment, modification, and enforcement of child support orders." G.L. c. 119A, § 2(a). As an attorney for the DOR, Attorney Stephan was "performing prosecutorial functions," and his "[a]cts that collectively comprise the pursuit of [a child support] action fit snugly within the realm of traditional prosecutorial functions." *Goldstein*, 719 F.3d at 26. Attorney Stephan plainly performed prosecutorial functions when he initiated a complaint for child support on behalf of Kaelblein, when he appeared at a hearing before Judge Phelan, and when he filed a motion to vacate Judge Phelan's Temporary Order. Accordingly, Speight's claims against Attorney Stephan in his individual capacity are also barred by absolute prosecutorial immunity.

### IV.   Speight fails to state a claim against Attorney Stephan.

In addition to the jurisdictional and immunity hurdles raised above, Speight also fails to state a claim against Attorney Stephan for several reasons.

First, Speight claims that Attorney Stephan "conspired" with Kaelblein "get a child support order in Massachusetts that was not legally authorized," Am. Compl., ¶ 2(H.), but his bald allegation is insufficient to state a claim for a civil rights conspiracy. "To state a claim under [42 U.S.C.] § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege." *Aulson v. Blanchard*, 83 F.3d 1, 3

(1st Cir. 1996). "It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977). Speight's unadorned allegation that Attorney Stephan "conspired" with Kaelblein to get a child support order falls well short of stating a claim for a civil rights conspiracy.

More fundamentally, the fact that Attorney Stephan filed a child support complaint on behalf of Kaelblein and prosecuted that complaint, which resulted in a child support order, does not mean that he "conspired" with Kaelblein. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."). To reiterate, the DOR is authorized to use "judicial procedures" for the "establishment, modification, and enforcement of child support orders." G.L. c. 119A, § 2(a). Therefore, because Attorney Stephan, as an attorney for DOR, was authorized to file a complaint for child support on behalf of Kaelblein and to prosecute it, Speight cannot plausibly allege that Attorney Stephan "conspired" with Kaelblein.

Second, Speight alleges that Attorney Stephan "issu[ed] an unauthorized child support order, " Am. Compl., ¶ 2(I.), but that allegation is demonstrably false. While this Court is required to accept Speight's "well-pleaded facts as true," *Borrás-Borrero*, 958 F.3d at 33, it is not required to accept his "bald assertions and unsupportable conclusions," *Twombly*, 550 U.S. at 557. The docket in the Middlesex Probate & Family Court shows that Judge Phelan, *not* Attorney Stephan, issued the Temporary Order and Amended Temporary Order. *See* Ex. 1, 3. Further, even though Attorney Stephan moved to vacate the Temporary Order, Judge Phelan still issued the Amended Temporary Order. *See* Ex. 2. Therefore, Speight cannot plausibly allege that Attorney Stephan conspired with Judge Phelan, or with Kaelblein, to issue any orders.

9

Finally, Speight alleges no facts to plausibly suggest that Attorney Stephan deprived him of equal protection, procedural due process, or his fundamental parenting rights. Accordingly, Speight fails state a claim for any civil rights violations against Attorney Stephan.

## CONCLUSION

For the foregoing reasons, this Court should dismiss all of Speight's claims against Attorney Stephen.

        ERIC STEPHAN, in his individual capacity and his official capacity as an Attorney for the Massachusetts Department of Revenue

        By his Attorney,

        ANDREA JOY CAMPBELL
        ATTORNEY GENERAL

        */s/ Eric A. Martignetti*
        Eric A. Martignetti, BBO # 678377
        Assistant Attorney General
        Government Bureau/Trial Division
        One Ashburton Place, Room 1813
        Boston, MA 02108
        (617) 963-2314
        eric.martignetti@mass.gov

Date:  December 3, 2024

## CERTIFICATE OF SERVICE

    I, Eric A. Martignetti, hereby certify that on December 3, 2024, this document was filed through the ECF system and sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and by email to non-registered participants.

        */s/ Eric A. Martignetti*
        Eric A. Martignetti