UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Michael Sean Speight

V.                                      Civil No. 1:24-cv-12363
                                        Chief Judge Patti B. Saris

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
Eric Stephanie(Professional, individual capacity)

**PLAINTIFFS MICHAEL SEAN SPEIGHT"S MEMORANDUM TO SUPPORT OBJECTION TO MICHAEL AND NANCY KAELBLEIN MOTION TO LEAVE TO SUPPLEMENT MOTION TO DISMISS**

## INTRODUCTION

Plaintiff respectfully objects to Defendants Motion for Leave to Supplement their Motion to Dismiss.

Defendants had sufficient opportunity to present their arguments to the original motion, and allowing supplementation at this stage would unfairly prejudice Plaintiff and undermine the orderly administration of justice.

Defendants" attempt to introduce new arguments or issues after initial filing of their motion to dismiss demonstrates bad faith and dilatory tactics, which should not be condoned.

1. **Defendants Had Ample Opportunity to Raise Arguments in the Original Motion.**

   The Defendants' Motion to Leave improperly seeks to expand the scope of their original Motion to Dismiss, despite having ample time and opportunity to address the allegations set forth in the Plaintiff's Amended Complaint.

   The First Circuit has repeatedly emphasized that motions for leave should not be used as a tool to "remedy strategic miscalculations" or as an opportunity to introduce arguments that could have been raised earlier.

   *Grossman v. Nowell, Inc.*, 120 F.3d 1112, 1115 (1st Cir. 1997), the First Circuit held that judicial efficiency and fairness require parties to present their arguments in a timely and complete manner. Similarly, in *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 92 (1st Cir. 2008), the court affirmed that parties cannot use procedural motions to reframe arguments or correct deficiencies in their earlier filings.

2. **Defendants' claim Plaintiff is Amending His Complaint Once Again**

   Though the Defendants state the Plaintiff is trying to amend his complaint again, which is an untrue fact. The Plaintiff is referencing the original complaint so the defendants cannot escape accountability, and where the original pleading provides helpful context or clarification of facts and roles. *Connectu LLC v. Zuckerberg, 522 F3d. 82, 91 (1st. Cir. 2008), Young v. Lepone, 305 F.3d 1,14 (1st Cir. 2002), Bensmiller v. E.I. Dupont de Nemours & Co, 47 F.3d 79, 83 (2nd Cir. 1995)( cited favorably by the First Circuit)*

   Also, in *Perkins v. City of Attleboro, 969 F. Supp. 2d 158, 172 (D. Mass. 2013), Tompkins v. U.S. Dept. of Veterans Affairs, 16 F.Supp. 3d 86, 91-92( D. Mass. 2014)*

   So the Defendants argument that Plaintiff is once more trying to Amend his Complaint is moot.

3. **Justice Does Not Require Allowing Defendants to Supplement Their Motion.**

   The defendants' request to supplement their Motion to Dismiss is neither necessary nor in the interest of justice.

The Supreme Court in *Forman v. Davis*, 371 U.S. 178, 182 (1962), emphasized that the courts should deny leave when it is sought in bad faith, causes undue delay, or unfairly prejudices the opposing party.

Here, Defendants' motion appears to be an attempt to delay the proceedings and distract from constitutional violations alleged in plaintiff's complaint.

4. **The Case is Properly Grounded in Federal Jurisdiction and is Distinct from Domestic Relations.**

The Defendants' claim in this case stems from an ongoing custody dispute, but the child support order that was issued on November 3, 2022, and vacated on November 18, 2022 without judicial approval can only be seen for what it is. A violation of the Plaintiff's due process, and equal protection of the Fourteenth Amendment. Plaintiff's claims involve federally protected constitutional rights under *42 U.S.C. 1983*.

Federal jurisdiction over such claims is well-established.

The Supreme Court in *Monroe v. Papa*, 365 U.S. 167, 172 (1961), recognized 1983 as a remedy for constitutional violations by state actors.

The First Circuit has further affirmed that federal courts retain jurisdiction over claims arising from misuse of state authority, even when tangentially related to family law. See *Malachowski v. City of Keene, 787 F.2d 704, 708(1st Cir. 1986)*.

The argument that this case interferes with domestic relations is contradicted by *Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992(*, Where the Court explicitly held that federal jurisdiction is proper in case addressing constitutional violations, even when arising from family law context.

5. **Sutter v. Pitts Does Not Apply.**

   Defendants' reliance on *Sutter v. Pitts, 639 F.2d 842 (1st Cir. 1981)*, is misplaced and inapplicable to the facts of this case.

   In *Sutter*, the First Circuit held that federal courts should avoid interfering in domestic relations matters traditionally left to state courts, such as custody and divorce.

   However, *Sutter* is distinguishable because Plaintiff's claims do not challenge any state custody determination or seek relief related to domestic relations.

   Instead, Plaintiff asserts constitutional violations under *42 U.S.C. 1983*, arising from state actors and private individuals misuse of

their authority to deprive Plaintiff of due process and equal protection rights.

Furthermore, subsequent case law has clarified that *Sutter's* limitations on federal jurisdiction do not apply to *1983* claims against state actors for violations of constitutional rights.

In *Malachowski v. City of Keene, 787 F.2d 704 (1st Cir. 1986)*, the First Circuit affirmed that federal courts have jurisdiction over constitutional claims, even when such claims arise in context of family disputes.

Similarly, in *Dennis v. Sparks, 449 U.S. 24 (1980)*, the Supreme Court held that private individuals conspiring with state actors to violate constitutional rights are subject to federal jurisdiction.

Thus, *Sutter* does not preclude this Court from addressong Plaintiff's claims, which are rooted in federal constitutional rights and distinct from domestic relations disputes.

6. **Defendants' Misrepresentation of the Jennifer Westbrook Investigation.**

Defendants' reliance on the argument the plaintiff stated the investigation was continuing is false.

Plaintiff stated investigated which is past tense.

The Defendants' here again show bad faith, though they know they continued the conspiracy by stating untrue facts to Jennifer Westbrook as recently as August 2024 when her final report came out.

Defendants' again are trying to escape accountability for their role in these constitutional rights violations.

Defendants' Memorandum of Law in Support Motion to Leave pg 3. 10th line, they even state, "at a motion to dismiss stage, the well-pleaded factual allegations in the Amended Complaint must be taken as true."

The Plaintiff was told he would have to have a federal Court subpoena the Jennifer Westbrook report because they don't let party's have them.

The Defendant's statement in that concluded report, shows an ongoing pattern by Amanda, Michael, and Nancy Kaelblein to mislead the courts into believing Amanda never lived in Derry, Nh for a year with minor child V.S., to get child support order in Massachusetts.

While all four defendants worked at the same objective, child support order in Massachusetts which actions violated the Plaintiff's rights.

The completed investigation demonstrates the procedural irregularities in Defendants' actions and support Plaintiff's claims of violations.

Also, another example of bad faith tactics.

7. **Supplemental Arguments Do Not Cure Deficiencies in Otriginal Motion.**

The Supplementation of the Motion to Dismiss is a transparent attempt to address deficiencies in the original motion rather than presenting new material facts or clarifications.

Courts have consistently rejected such tactics .

For example, in *Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009)*, the First Circuit held that a motion to dismiss must rise or fall on its original merits, and subsequent motions should not serve as a vehicle to "shore up" arguments.

### ConClusion

For the reasons above, Plaintiff respectfully requests that the court deny Defendants' motion for Leave to Supplement their Motion to Dismiss.

Defendants' had sufficient opportunity to address Plaintiff's allegations, and their attempt to expand their argument at this stage is prejudicial and improper.

This case raises significant constitutional rights violations that must be resolved by this Court, and granting leave would delay justice and harm the plaintiff's ability to obtain a fair adjudication.

Respectfully Submitted,

12/5/24

Michael Sean Speight
15 Ingham Rd.
Merrimack, NH 03054
Speight6317@gmail.com
(978) 684-2496

I certify that a correct copy of this motion was served to Amanda Kaelblein through Attorney Alethea Shaddox, Michael and Nancy Kaelablein, Eric Stephan through ECF and their Attorney Nicole Dooley Fontaine, and Eric Martignetti through email.

I certify that copies of this motion were sent on December 5, 2024

bgss

Michael Sean Speight

12/5/24