## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

Michael Sean Speight

V.                                    Civil No. **1:24-cv-12363**
                                      Chief Judge Patti B. Saris

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
Eric Stephan(Professional, individual capacity)

## MEMORANDUM TO SUPPORT OF PLAINTIFF'S  OBJECTION

## OF MOTION TO DISMISS FILED  BY ERIC STEPHAN.MOTION TO

## LEAVE GRANTED ON DECEMBER 18, 2024 #87

This case is critically important because it expresses the harmful

collaboration between state actors and private individuals who

weaponize the legal system for state incentives, undermining the core

protections guaranteed under the Fourteenth Amendment, including

equal protection and due process.

The misuse of legal processes, such as forum shopping for child support

and manipulating custody proceedings, directly contradicts the principles

1

outlined in Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), Parental Kidnapping Prevention Act (PKPA), Title IV–D, and home-state jurisdiction laws.

These statutes were enacted precisely to prevent state actors from violating the rights of families and ensure that custody disputes are handled fairly and consistently across jurisdictions.

In this case, state actors knowingly disregarded an ongoing custody case in another state,allowing private individuals to exploit the legal system, prolonging separation and violating the rights of a parent and a child for 28 months, harms that continuing ongoing.

Such actions not only caused irreparable harm to my family but also set a dangerous precedent that could impact countless other parents, children, and families.

Federal intervention is essential to hold those responsible accountable, ensure compliance with these federal safeguards, and prevent the misuse of the legal system from continuing to harm families nationwide.

This case underscores the urgent need for oversight to protect families from being subjected to similar injustices in the future.

## INTRODUCTION

The Attorney General here attempts to shift blame on Judge George Phelan, who was named in the original complaint.

Liability under 1983 does not require direct action but extends to any individual who "causes" the deprivation of rights.

In the First Circuit, causation is a key factor in 1983 liability.

*Martinez v. Cui,*608 F.3d 54, 64 (1st Cir. 2010):" [S]ection 1983 imposes liability on anyone who, under color of state law, subjects, or causes to be subjected,' an individual to deprivation of federal rights." The DOR lawyer Eric Stephan, and private individuals.

As far as Judge George Phelan, based on the statements and evidence submitted by the AG, Judge George Phelan should be reinstated to the complaint, so now one escapes accountability.

*Stump v. Sparkman, 435 U.S. 349, 365-57 (1978)*, Judicial immunity does not apply if a judge acts outside their judicial capacity or in the complete absence of jurisdiction.

Judge Phelan was aware of New Hampshire proceedings and still issued an order that he was outside all jurisdiction and should be added as a defendant. *Mireles v. Waco, 502 U.S. 9,11–12 (1991)* , Judges

3

retain

immunity for action within their jurisdiction.,even if improper, but not
actions taken in the clear absence of jurisdiction..

Custody of Brandon, 407 Mass. 1,5–6 (1990),Massachusetts Courts
recognize and defer to other states' jurisdiction under UCCJEA, and
PKPA.

Defendant argues, inter alia, that:

1. DOR lawyer Eric Stephan should not be held accountable because
   he did not sign or issue the order.

2. The Younger abstention , Rooker–Feldman doctrine, Eleventh
   Amendment  immunity, sovereign immunity, prosecutorial immunity,
   and subject matter jurisdiction, are not applicable to this claim.

3. Plaintiff disputes these arguments and asserts that all Defendants
   Knowingly violated constitutional rights under 42 U.S.C. 1983
   causing irreparable harm to the Plaintiff and minor child.The Plaintiff
   clearly stated a claim where relief can be granted.. It will be proven
   in this objection motion.

### FACTUAL BACKGROUND

1. On November 3, 2022, the DOR lawyer Eric Stephan, acting

4

under color of state law, influenced or filled out the order and gave it to Judge Phelan to issue a child support order, despite the ongoing jurisdictional case in New Hampshire (where Amanda Kaelblein had already once tried to have it dismissed and moved to Massachusetts and failed Exhibit 1) which violated the UCCJEA, PKPA, and TITLE IV–D guidelines.

2. Eric Stephan conspired with a private individual (Amanda Kaelblein the minor child's mother) to suppress key evidence and misrepresent facts during the proceedings.

See Exhibit 2 Massachusetts transcripts November 3, 2022 Hearing. Speaking in zoom hearing.

Page 13 Lines 15-17

MS. KAELBLEIN " Judge, my only question is, I mean, I—we recently separated, so I have been with him the last five years."

5

### Page 16 Lines 1-3

MS. KAELBLEIN "Unfortunately , none of this is accurate just because I know his income obviously based on the last five years."

### Page 30 Line 13

Ms.KAELBLEIN "I've been back since May."

Here Ms. Kaelblein admits the minor child has been back in the state of Massachusetts since May 28,2022. When she and the minor child left 153 North Shore Rd. Derry, Nh after living there a year.

The minor child only resided in Massachusetts five months at this time. A violation of UCCJEA, PKPA, and Massachusetts custody laws.This hearing should have ended with this evidence, Massachusetts lacked jurisdiction.

### Page 17 Lines Lines 3-8

MR. SPEIGHT " I didnt—-I didnt say that, your Honor. What I said is, it's a child state law, home state law. The child has to live in the state six months before any—- anything can be

6

filed. Also, Derry Family District Court already ruled they have jurisdiction over this case. Stephan knows that. My lawyer talked to Stephan."

Here the Plaintiff makes the Court aware Derry family Court is exercising jurisdiction.

Plaintiff, also states attorney Michael Ryan spoke with Stephan and told him there was a ongoing child support/custody case ongoing in New Hampshire (Michael Ryan will testify what he did exactly tell Stephan)

Page 18 Lines 23-24

THE COURT "All right.So, Amanda, did Michael file a case involving custody and child support regarding this —"

Page 18 Line 25

MS. KAELBLEIN "He did"

Here Amanda Kaelblein admits there is an ongoing case in New Hampshire.

Page 19  Lines 17-18

MS. KAELBLEIN " I am aware of a hearing that involves—involves child custody, not support"

7

Here Amanda Kaelblein starts misleading Judge George

Phelan. Amanda states she does not have the Parenting

Petition filed in Derry Family Court, NH

Page 21 lines 21-25

MR.SPEIGHT " It says Temporary Petition, request the Court

Order Temporary Petition, respectfully request the Court to

issue temporary orders of the following issue.Final, the

petition respectfully requests the Court to issue final orders

approving and establishing the following, check if they apply.

Continue Page 22 Lines 1-8

A parenting plan which describes parties parental rights and

responsibilities where related to the minor child.:child support

obligations for minor child:and other custody.I acknowledge

and have continued duty to inform the Court, any Court

Action in this, and any other state that could affect the child's

case. I swear that the full bearing information is true and

correct to the best of my knowledge . New Hampshire,

Rockingham County, June 3rd."See exhibit 3 parenting

8

petition from Derry Family Court filed June 3, 2022.( child

support box checked)

Over a zoom call the Plaintiff reads the Parenting Petition

filed June 3rd, 2022 in New Hampshire , from Derry Family

Court. Reading the child support box was checked off.

Page 22 Line 25

MR. STEPHASN " Let me check Judge. I've— I've spoken to

Continue 23 Lines 1–9

The defendant's attorney who represents him in this case in

New Hampshire. He filed the complaint for parenting time in New

Hampshire. And I went over this with his attorney. I had several

conversations with him. Child Support was not plead in New

Hampshire. That's why we are moving forward in

Massachusetts. But I have spoken to his attorney about this at

length,  and he did not plead to the Court to enter a child support

order against him in New Hampshire.Thats why we filed in

Massachusetts. See exhibit 4 Michael Ryan motion for

parenting time and child support August 1, 2022.

9

Page 23 Lines 10-11

THE COURT " So Michael, attorney Stephan says that you

didn't mark the box that says child support."

The Plaintiff read off New Hampshire's parenting petition

where the child support box was checked off.

Stephan along with the other Defendant misrepresented facts

that subjected the constitutional rights violation to Phelan.

Page 23 Lines 17- 20

THE COURT " I'm going to need a copy from New Hampshire

Court of the document that was actually filed by Michael to

see whether he actually checked the box that says child

support"

Page 24 Lines 9-10

THE COURT "I need you to get a copy of that filing in New

Hampshire"

10

Page 27 Lines 23-25

THE COURT " In the meantime, I am going to ask Attorney
Stephan to get that copy of the—-of the New Hampshire filing
to see whether the child support box was marked or not."
Here, Judge Phelan Requests the parenting petition from
Stephan three times. Stephen received the parenting petition
from Plaintiff through email , on November 18, 2022 and
never gave it to Judge Phelan.

Page 28 Lines 5-7

MR. STEPHEN " If your Honor—if your Honor wanted to enter
an order today for $228 a week and suspended wage
assignment, that means he pays her directly .

Page 28 Lines 16-17

MR. STEPHAN " There would be a court order in place, but it
would be a non 4D case."
All parties involved;led agreed on this, that would mean
Phelan would have time to get a parenting petition from New

11

Hampshire and Massachuseets would not have jurisdiction

When he saw the child support box was checked off.

Either Judge Phelan placed the order with no signature, or

Stephan placed the order.

## LEGAL STANDARD

## ARGUMENT

**1. There needs to be a trial to see who actually placed the order.**
**Even though it does not matter who did since the AG tried to**
**place accountability on Phelan, both under the law should be**
**held accountable**

The Defendant Stephans actions violated Plaintiffs

rights,regardless of whether Stephan directly placed the order or

manipulated the process to convince the judge to do so.

*Martinez v, Cui, 608 F.3d 54, 64 (1st Cir. 2010),* "[S]ection 1983

imposes liability on anyone who, under color of state law, subjects,

or causes to be subjected,' an individual to deprivation of federal
rights."

*Hafer v. Melo, 502 U.S 21(1991),*" State officials can be sued in

12

their personal capacity for actions taken under color of state law
that violated constitutional rights."

*Burke v. Rhode Island,935 F.Supp.2d 105(D.R.I.2013),*

"A federal court addressed claims of due process violations state
officials who acted improperly in family court proceedings"
As far as the AG placing responsibility on Judge Phelan, the Court
should direct the plaintiff to amend the complaint to add his name
as a defendant for abuse of discretion, violation of due
process,violation of equal protection, judicial misconduct, and
violations under federal law Title IV–D.

Phelan entered an order inconsistent with agreed-upon terms
without proper justification.

*Pierce v. Underwood, 487 U.S.552, 558 (1988),*"Abuse of
discretion occurs when a court makes a clear error in judgement
or exceeds the bounds of reason."

*Rosenthal v. O'Brien, 628 F. Supp.2d 768,775 (D. Mass. 2009)* "A
judge abuses their discretion by disregarding agreed-upon facts
and entering an order that is unreasonable or contrary to the law.

13

Phelan violation of Plaintiff's due process.

*Fuentes v. Shevin, 407 U.S. 67,80 (1972)* "The state cannot act without affording affected parties an opportunity to challenge decisions affecting their rights."

Phelans equal protection violations.

*Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000),*"The Equal Protection Clause prohibits arbitrary treatment that affects individuals unfairly."

Phelans violation under federal law Title IV–D

*Wilder v. Virginia Hosp. Ass'n,496 U.S. 498,509 (1990)* " Federal funding conditions impose enforceable obligations on states"

## 2. Why Rooker–Feldman Doctrine, and Younger abstention doctrine do not apply to this claim.

The Rooker –Feldman doctrine prevents federal courts from acting as appellate courts to review or overturn final state court judgements.

The Plaintiff here is not seeking to overturn a vacated judgement, The Plaintiff claim is constitutional violation during that judgement.

14

*Davison v. Gov't of Puerto Rico Firefighters Corps, 471 F.3d 220 223 (1st Cir. 2006).*" The doctrine does not apply when federal claims challenge the conduct of state officials rather than the validity of a state court judgement."

The Plaintiff seeks remedies for constitutional violations and Misconduct by state actors and private individuals , not appellate Review.

*Supreme Court Guidance:Exxon Mobil Corp. v. Saudi Basic Indus. Corp,544 U.S. 280,293 (2005)* "Rooker–Feldman does not bar claims that seek independent relief, even if they are related to state court judgement."


The Younger abstention is inappropriate in this case because none of the criteria for Younger are met.There is no ongoing state case when the order was vacated, it can't implicate an important state interest and federal claims cannot be adequately addressed in state court.

*Younger v. Harris, 401 U.S. 37,54 (1971).*" Federal courts may

15

intervene if state actions are motivated by bad faith.

*Esso Standard oil Co. v. Lopez-Freytes, 522 F.2d 136, 143 (1st Cir.2008),"* The First Circuit recognized that bad faith undermines the rationale for Younger abstention."

While family law matters, including child support, generally implicate state interests, those interests are not sufficient to justify abstention when the state proceeding has already concluded and the order we are talking about has been vacated which failed to protect federal rights.

*In Rossi v. Gemma, 489 F.3d 26, 34 (1st Cir. 2007),* "The First Circuit held that Younger does not apply when state proceedings have ended, and federal claims are independent of those proceedings"

In this case the Plaintiff has raised federal constitutional claims.

In *Ex parte Young,209 U.S.123 (1908)* This case established the doctrine allowing individuals to seek relief against state officials who acted unconstitutionally. Sovereign immunity does not shield them in such cases.this is in there official capacity for injunctive

16

intervene if state actions are motivated by bad faith.

*Esso Standard oil Co. v. Lopez-Freytes, 522 F.2d 136, 143 (1st Cir.2008),"* The First Circuit recognized that bad faith undermines the rationale for Younger abstention."

While family law matters, including child support, generally implicate state interests , those interests are not sufficient to justify abstention when the state proceeding has already concluded and the order we are talking about has been vacated which failed to protect federal rights.

*In Rossi v. Gemma, 489 F.3d 26, 34 (1st Cir. 2007),* "The First Circuit held that Younger does not apply when state proceedings have ended, and federal claims are independent of those proceedings"

In this case the Plaintiff has raised federal constitutional claims.

In *Ex parte Young,209 U.S.123 (1908)* This case established the doctrine allowing individuals to seek relief against state officials who acted unconstitutionally. Sovereign immunity does not shield them in such cases.this is in there official capacity for injunctive

16

relief .

## 3. Defendant is Not Entitled to Sovereign or Prosecutorial

## Immunity.

The Defendant misapplies Eleventh Amendment immunity.

Federal law is clear that state officials acting in violation of federal

laws are not protected by sovereign immunity.

See *Ex parte Young,209 U.S. 123, 159-60 (1908),*" state officials can be

sued in federal court for prospective injunctive relief to remedy ongoing

violation of federal law"

Furthermore, in *Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477*

*(1st Cir. 2009 ),*" the First Circuit Court affirmed that federal courts retain

jurisdiction to hear claims against state officials who act beyond their

lawful authority.

Here, the Defendant acted beyond their lawful authority by violating

Plaintiff's constitutional rights and federal statutes.

Prosecutorial immunity protects actions taken in the course of

prosecutorial functions, not administrative or policymaking functions, See

*Burns v. Reed, 500 U.s. 478, 494-96(1991).*

The Defendants actions– manipulating court orders and advocating for

17

improper enforcement– were administrative, not prosecutorial.

In *Goldstien v. Galvin, 719 F.3d 16, 26 (1st Cir. 2013 )*, "the First Circuit

held that immunity does not extend to state officials acting in

non–prosecutorial capacities."

The Defendant may be sued in his individual capacity all his tasks in

DOR are administrative, not prosecutorial.

## 4. This Court Does Have Subject Matter Jurisdiction .

This is a Diversity of Citizenship claim under 28 U.S.C. 1332. Plaintiff

lives in New Hampshire and all the four Defendants reside in

Massachusetts.

There are also constitutional questions in this claim 28 U.S.C.1331.

The Plaintiff's claim involves violations of federal statutes and

constitutional rights, including: Uniform Child Custody Jurisdiction and

Enforcement Act, as adopted federally .

Parental Kidnapping Prevention Act, 28 U.S.C. 1738A

Fourteenth Amendment violation (Actions which caused violation of

parental rights)

*Grable & Sons Metal Products, Inc. v. Darue Engineering &*

*Manufacturing, 545 U.S. 308 (2005),* "Federal jurisdiction is proper when

18

a claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

*Thompson v. Thompson, 484 U.S. 174 (1988),* "PKPA explicitly creates federal oversight to prevent jurisdictional disputes and constitutional violations in custody and support orders."

*B.S. v. Somerset County, 704 F.3d 250,271 (3rd Cir. 2013),* "Federal courts have jurisdiction to protect parental rights under 1983 when state actors interfere with constitutional rights."

*Middleton v. Middleton, 227 Va. 82 (1984),* "Federal oversight is necessary when states fail to adhere to UCCJEA or PKPA requirements for determining jurisdiction."


**5. The Plaintiff Does State a Claim Against Eric Stephan (and Amanda Kaelblein) By Showing In FACTUAL BACKGROUND How They Worked Together By Misleading Phelan, and Misrepresenting The Truth.**

19

These two Defendants', who collaborated in bad faith to convince the court to issue a child support order on November 3, 2022, that violated the Plaintiff's constitutional rights.

Their actions, characterized by dishonesty and manipulation, not only infringe upon due process, equal protection rights but also violate federal statutes such as UCCJEA, and PKPA, and undermine the federal oversight required under Title IV-D.

The AG Now after 10 months in federal court wants to switch responsibility on Judge Phelan and try to use his Judicial immunity to shield Stephan.

*Massachusetts Child Support Enforcement Division Procedures*

" The DOR operates under Title IV-D of the Social Security Act, which outlines child support enforcement.Procedurally, in Massachusetts."

"After a court hearing, the DOR Submits the drafted order to court."

"The judge reviews it for accuracy and compliance with legal requirements"

"The judge signs the order if it aligns with the court's ruling"

So, here Stephan drafted the order, which was not agreed upon in court, supposedly gave the order to  Phelan to review and sign.

20

The order wasn't signed , we don't know who placed the order in, and the case should not be dismissed and needs to continue and discover whether it was Stephan or Phelan .

This caused the Plaintiff and minor child to be separated for 28 months. One constitutional violation led to many others. We do know Stephans actions closed the case in New Hampshire causing irreparable harm and continues today.

*Dept. of Revenue v. Mason M., 50 Mas. App. Ct. 216 (2000),*"The court highlights that child support orders, even prepared by the DOR, must be judicially approved to protect due process rights. This reinforces the requirement of a judge's signature after a hearing."

*Doe v. Roe, 23 Mass. App. Ct. 590 (1987),* "this case confirmed that administrative actions taken by the DOR are not final until a judge ratifies them."

The Plaintiff has stated and shown a constitutional claim , with violations of federal statute.

First Circuit Precedent:*Coyne v. City of Somerville, 972 F.3d 440, 444 (1st Cir. 1992),* "A claim alleging intentional misconduct or bad faith survives a motion to dismiss where plausible facts are alleged."

21

*Bowie v. Arder, 441 Mass.43 (2004),*Massachusetts courts are bound to follow federal standards under PKPA when issuing support or custody orders "

Stephan's action Deprived the Plaintiff of his right's. *Pittsley v. Warish, 927 F.2d 3,8 (1st Cir. 1991)*" Misrepresentation by state actors that deprives an individual of a fair hearing can constitute a due process violation."

## CONCLUSION

The Plaintiff has provided sufficient factual allegations against the defendant. This Court has subject matter jurisdiction, Younger and Rooker- Feldman does not apply to a vacated order, The defendant does not have  11 Eleventh Amendment immunity , The Defendant's tasks are administrative , not prosecutorial  . So it doesn't apply.

It does not matter that Stephan Vacated the order , It Violated the constitutional rights, and All Defendants should be held accountable. The Defendant's motion to be dismissed should be denied, and the case should move forward.

I 22

Respectfully Submitted,

Michael Sean Speight
15 Ingham Rd.
Merrimack, NH 03054
Speight6317@gmail.com
(978) 684-2496

I certify that a correct copy of this motion was served to Amanda
Kaelblein through Attorney Alethea Shaddox, and all ECF registered
participants , Eric Martignetti through email also.

I certify that copies of this motion were sent on December 15 ,2024
in a Court hearing.

Michael Sean Speight

23