UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Michael Sean Speight

V.

Civil No. **1:24-cv-12363**
Chief Judge Patti B. Saris

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
Eric Stephan(Professional, individual capacity)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE EVIDENCE TO FURTHER SUPPORT OPPOSITION MOTION, AND MEMORANDUM OF LAW**

**DOCKET #89**

**NOW COMES,** the Plaintiff, Michael Sean Speight, respectfully moves this Honorable Court for leave to file evidence further supporting this claim. A parenting decree filed by Amanda Kaelblein on November 10,2022 in Derry Family Court in New Hampshire, for child support/ custody, Case Summary from Derry Family Court( further proving New Hampshire was exercising jurisdiction), Police report from Derry Police Department May

28, 2022, and letters from Neighbors further proving it was V.S. home state.

This motion will be supported by a Memorandum of law.

1/7/25

Respectfully Submitted,

Michael Sean Speight
15 Ingham Rd.
Merrimack, NH 03054
Speight6317@gmail.com
(978) 684-2496

I certify that a correct copy of this motion was served to Amanda Kaelblein through Attorney Alethea Shaddox, and all ECF registered participants, Eric Martignetti through email also.

I certify that copies of this motion were sent on January 4, 2025 in a Court hearing.

1/7/25            Michael Sean Speight

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

Michael Sean Speight

V.

Civil No. **1:24-cv-12363**
Chief Judge Patti B. Saris

Amanda Kaelblein
Michael Kaelblein
Nancy Kaelblein
Eric Stephan (Professional, individual capacity)

### PLAINTIFF'S MEMORADUM OF LAW TO SUPPORT MOTION FOR LEAVE TO FILE EVIDENCE TO FURTHER SUPPORT OPPOSITION MOTION, AND MEMORANDUM OF LAW DOCKET #89

### INTRODUCTION

The Plaintiff Respectfully request this Honorable Court allow this motion for leave to file additional evidence in support of the Opposition Motion docket #89, including:

1. The parenting decree Amanda Kaelblein filed on November 10, 2022, in Derry Family Court with both custody and child support

1

requested further proving "forum shopping", and misrepresentation to Judge Phelan on November 3, 2022 with this defendant Eric Stephan.

2. Letters from neighbors, and a police report from Derry Police Dept. on May 28, 2022 proving the minor child lived at 153 North Shore Road Derry, NH for a year. (other 5 neighbors will testify.)

3. Case Summary from Derry Family Court started June 3, 2022 detailing the ongoing custody/child support case in New Hampshire

## ARGUMENT

1. Parenting Decree (November 10, 2022)

    This decree substantiates that New Hampshire maintained jurisdiction over child support and custody issues involving the minor child V.S..

    It directly contradicts any claims that no case was ongoing in New Hampshire for child support and shows the mother and Eric Stephan were aware of this.

2. Police Report, and Letters From Neighbors

2

Police report from Derry Police Dept., and letters from neighbors confirming that the V.S. resided at 153 North Shore Rd Derry, NH with her parents for one year.

3. Case Summary (New Hampshire Court)

    The case summary outlines the custody and child support proceedings, beginning on June 3, 2022. Also on November 15, 2022 when New Hampshire Believed Massachusetts took jurisdiction. This demonstrates New Hampshire was consistently exercising jurisdiction until Massachusetts placed the order violating UCCJEA, PKPA, Title 4d, and the Plaintiffs rights. (see page 2 8/16/22 UCCJEA affidavit From Plaintiffs lawyer Michael Ryan who Stephan speaks about in November 3, 2022 hearing)

4. DOR Lawyer Eric Stephan

    Eric Stephan was aware of the ongoing case in New Hampshire, also the conversation with attorney Michael Ryan (the Plaintiff's attorney who's testifying to Eric Stephans false statement in Court) though proceeded to action Massachusetts despite clear jurisdiction conflicts.

3

## LEGAL STANDING

*Kovacs v. United States*, 744 F.3d 44, 50( 1st Cir. 2014) Courts must consider all relevant evidence to ensure fairness in proceedings, especially when procedural irregularities are alleged.

*Yates v. Baker*, 915 F.3d 677, 681 (1st Cir. 2019) Emphasizes the importance of jurisdictional consistency in child custody and support cases, stating that conflicting court orders can lead to procedural prejudice.

*Rodriguez v. Montalvo*, 371 F.3d 60, 65 (1st Cir. 2004) A party's knowledge of ongoing litigation in another jurisdiction is a critical factor when determining the legitimacy of parallel proceedings.

**WHEREFORE**, the Plaintiff's motion for leave should be granted, and Exhibit #6 should part of Memorandum docket # 89.

1/7/25

Respectfully Submitted,

*[signature]*

Michael Sean Speight
15 Ingham Rd.
Merrimack, NH 03054
Speight6317@gmail.com
(978) 684-2496

I certify that a correct copy of this motion was served to Amanda Kaelblein through Attorney Alethea Shaddox, and all ECF registered participants , Eric Martignetti through email .

I certify that copies of this motion were sent on January 4 ,2025 in a Court hearing.

1/7/25

*[signature]*

Michael Sean Speight

5