UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Michael S. Speight,
  Plaintiff,
v.
Amanda Kaelblein, et al.,
  Defendants.

Civil Action No. 1:24-cv-12363

MOTION FOR STATUS CONFERENCE

NOW COMES the Plaintiff, Michael S. Speight, pro se, and respectfully requests that this Honorable Court schedule a Status Conference in this matter. In support of this Motion, the Plaintiff states as follows:

1. A hearing was held on February 3, 2025, on the Defendants' Motion to Dismiss and the Plaintiff's Objection.

2. As of the date of this filing, the Court has not issued a ruling on the Motion to Dismiss.

3. Notably, one of the named Defendants, Amanda Kaelblein, was personally served with the summons and complaint on May 14, 2024. Her deadline to

answer was June 4, 2024. She has filed no responsive pleading, motion, or appearance.

4. Under Federal Rule of Civil Procedure 55(a), when a party against whom a judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. The Plaintiff has moved for Default Judgment accordingly.

5. Courts have repeatedly affirmed that default judgment is appropriate in civil rights actions brought under 42 U.S.C. § 1983 when defendants fail to answer or otherwise respond. See Jones v. Perez, 2011 WL 6963165, at *2 (D. Mass. Dec. 21, 2011) (default warranted for § 1983 violations when unopposed); see also Dixon v. City of Lawton, 898 F.2d 1443, 1445 (10th Cir. 1990); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (entry of default judgment proper when defendant fails to plead).

6. The central figure in this controversy, Amanda Kaelblein, is not a passive participant. She played a foundational role in initiating the unconstitutional deprivation of the Plaintiff's fundamental parental rights, contributing false narratives and obstructing

legal processes across jurisdictions.

7. Plaintiff asserts this action pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment right to due process and liberty in familial relations. Such rights have been clearly established by the U.S. Supreme Court. See Troxel v. Granville, 530 U.S. 57, 66 (2000); Santosky v. Kramer, 455 U.S. 745, 753 (1982); and Stanley v. Illinois, 405 U.S. 645, 651 (1972).

8. In matters involving family separation, forum manipulation, and the misuse of state authority to block parental access, federal courts have an affirmative obligation to intervene when state courts fail to protect constitutional rights. See Moore v. Sims, 442 U.S. 415, 435 (1979) (noting that federal courts have jurisdiction to act when state procedures are inadequate to address constitutional violations).

9. The First Circuit has underscored the judiciary's responsibility to manage its docket and ensure due process. See Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989) ("Prompt, fair adjudication is essential to the integrity of the process."); Dávila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001)

("Courts must guard against delay that risks compromising the rights of litigants.").

10. In Colón-Ramos v. Puerto Rico Tourism Co., 202 F. Supp. 3d 143 (D.P.R. 2016), the court held that when a party fails to respond, default judgment may proceed particularly when civil rights violations are alleged, ensuring federal protections remain effective.

11. Additionally, Judge Leventhal and other jurists have noted the necessity of active federal oversight in civil rights cases, especially where default or inaction frustrates constitutional enforcement.

12. Nationally, courts are witnessing a pattern where state agencies or legal actors, without oversight, delay or obstruct parents' access to their children — sometimes under color of law. This rising crisis calls for federal engagement. Oversight is not overreach — it is a constitutional imperative.

13. A status conference is essential to address these procedural defects, ensure judicial efficiency, and protect ongoing constitutional claims. Under Rule 16(a) of the Federal Rules of Civil Procedure, the Court has express authority to convene conferences to clarify issues, avoid delay, and facilitate resolution.

14.

The Plaintiff further submits that a Status Conference would allow all parties, including those who have filed motions and those who have not answered, to confer before the Court. Such a conference would promote transparency, foster the narrowing of issues, and potentially resolve certain matters without the need for prolonged litigation. This cooperative step aligns with the principles of Rule 16(a) and serves the interest of judicial efficiency.

WHEREFORE, the Plaintiff respectfully requests that the Court schedule a Status Conference at the earliest opportunity and grant such other relief as is just and proper.

Michael Sean Speight
15 Ingham Rd.
Merrimack, NH 03054
Speight6317@gmail.com
(978) 684-2496

I certify that a correct copy of this motion was served to Amanda Kaelblein through ips court services .. The other Defendants received through electronic filing system on 4/21/2025