UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL SEAN SPEIGHT III,

    *Plaintiff,*

v.

AMANDA KAELBLEIN, MICHAEL
KAELBLEIN, NANCY KAELBLEIN,
and ERIC STEPHANIE,

    *Defendants.*

No. 24-cv-12363-PBS

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

LEVENSON, U.S.M.J.

### INTRODUCTION

On May 16, 2025, I entered a Report and Recommendation (Docket No. 101), in which I recommended that the District Judge dismiss, without prejudice, Plaintiff's amended complaint. The grounds for that recommendation are detailed in that report.

Included at the end of my report was a paragraph notifying the parties of the procedure for filing objections to my findings and recommendations. Filing such objections would entitle the objecting party to a review by the assigned District Judge.

Rather than file objections, Plaintiff has filed a motion for reconsideration (Docket No. 104) which seems to be directed to me. Under the applicable legal standard, I see no basis for reconsidering my Report and Recommendation.

I note, however, that Plaintiff is proceeding pro se and I see no indication that his request for reconsideration is intended to forfeit his right to pursue the objection procedures of Fed. R. Civ. P. 72(b)(2). Accordingly, I will treat this denial of reconsideration as – in effect – a new date of decision for the underlying Report and Recommendation. Thus, the 14-day period for objecting to my recommendation will commence on the date of this order.

### A.    Legal Standards for Reconsideration

"The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration of interlocutory orders." *Vega v. Hernandez*, 381 F. Supp. 2d 31, 35 (D.P.R. 2005). Although Fed. R. Civ. P. 59(e) refers to a judgment, *i.e.* a decision that is appealable, that rule's legal standards are commonly applied to motions for reconsideration. *See id.*; *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (holding the standard to be "a manifest error of law" or "newly discovered evidence").

The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."). The United States Supreme Court has cautioned, however, that "courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Davis v. Levine*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

"When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions." *Id.* A motion for reconsideration of an interlocutory order should be allowed "only when the movant demonstrates (1) an intervening

change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Id*. Mere disagreement with a judicial decision is not an adequate basis for reconsideration. *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 852–53 (1st Cir. 2006). Reconsideration, in sum, is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

## B.     Discussion

I have reviewed carefully Plaintiff's motion for reconsideration. Plaintiff restates with vehemence his disagreement with my recommendation and adds a measure of invective. *See, e.g.*, Docket No. 104 at 26 ("The plaintiff is undeterred by this court's 27-page opinion . . . . The Plaintiff intends to use the 27 pages to start a fire in his fire pit out back of his house for him and his wife to enjoy because not only is it useless, it is gibberish[]."). Plaintiff does not, however, point to any change in the law, discovery of new evidence, or clear error of law that would provide a basis for reconsideration.

Plaintiff believes I have misinterpreted or misapplied the law. He is entitled to seek review of my recommendation. If he wishes to do so, he must file a timely objection to my Report and Recommendation.

3

## CONCLUSION

For the forgoing reasons, Plaintiff's motion for reconsideration is DENIED.

This Order shall be treated as a re-issuance of the Report and Recommendation previously entered (Docket No. 101), so that the time period for filing objections is re-started as of today.

/s/ Paul G. Levenson  
Paul G. Levenson  
U.S. MAGISTRATE JUDGE

Dated: June 6, 2025

NOTICE OF RIGHT TO OBJECT

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b) or Federal Rule of Criminal Procedure 59(b), any party who objects to the proposed findings and recommendations set forth in Docket No. 101 must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).